## The Armenia Ins. Co. *versus* Paul and wife.

1. The issuing of a policy of insurance when a portion of the questions in the appplication remain unanswered, is a waiver of the answers to such questions.

2. In an application for a policy of insurance the eleventh interrogatory was: "What is the distance, occupation and materials of all buildings within one hundred and fifty feet." It was contended that the omission to make any answer to the interrogatory avoided the policy. *Held*, that it was within the power of the company to decline the risk or seek further information, and having issued the policy they must be presumed to have been satisfied with the risk.

November 3d 1879.　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.　STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1879, No. 300.

Covenant on a policy of insurance by Joseph Paul and Mary Ann Paul, his wife, in right of said wife, against the Armenia Insurance Company of Pittsburgh.

Paul and his wife kept a saloon in Chartiers borough. The fixtures, liquors and furniture were owned by the wife, and she insured them in the defendant company. In the application for the policy the property was described as situated along "the line of the Chartiers Valley Railroad and P. C. & St. Louis Railroad, at the junction and near the depot." Said application contained a number of questions to be answered by the insured, among which was the following:—

"11. *External Exposure*.—What is the distance, occupation and materials of all buildings within 150 feet, north, south, east, west?"

To this question no answer was written down in the application. It was filled up by the agent of the company, as Mrs. Paul could not write, and she signed the application by making her mark. Several other questions were not answered in the application.

A clause of the policy read: "Any omission to make known every fact material to the risk" shall avoid the policy. Beneath the signature of the applicant there was printed in small type, "Make a diagram of the premises on the other side of this sheet." Such a diagram was made, indicating that there were buildings twenty feet on the west and forty feet on the north; but there was no description of the buildings.

At the trial, before White, J., the defendants, for the purpose of showing the location of the building and its surroundings and the exposures at the time the insurance was obtained and at the time the fire occurred, and that the representations contained in the

application of the assured were false with regard to said exposures and surroundings, increasing the risk of hazard, offered the application and diagram thereon.

Objected to, for the reason that the application was silent upon the question of exposures, the blank for exposures not being filled up; that the diagram of the buildings was not in contradiction, and that the offer was incompetent for the purpose for which it was offered. Objection sustained.

The defendants then renewed the offer of the diagram, for the purpose of showing an omission to make known material facts, to wit, that the building containing the property insured was within less than 150 feet, to wit, within 17 feet of a building used for rendering lard and tallow—a butcher-shop, a building 8 by 25 feet, which said grease-rendering building was within 2 feet of a wood and coal-house, and was connected by a row of frame structures extending within 2 feet of the building containing the property insured; that the building containing the property insured was within about 20 feet of two other buildings or dwellings, between which dwellings and the buildings containing the property insured there stood a frame coal-house and water-closets. The building was also within 9 feet of the track of the Chartiers Railroad Company.

Objected to as incompetent and irrelevant. Objection sustained.

Verdict for plaintiffs for $945.41, when defendant took this writ and alleged that the court erred in rejecting the above testimony.

*Thomas M. Marshall*, for plaintiff in error.—A concealment of facts material to the risk and within the knowledge of the insured vitiates the policy: Satterthwaite *v.* The Mutual Beneficial Ins. Co., 2 Harris 395; Jennings *v.* Chicago Ins. Co., 2 Denio 75. Instead of an answer to the eleventh interrogatory there is a blank, which is equivalent to a representation that there was no building in any direction within one hundred and fifty feet.

*Miller & McBride*, for defendants in error.—The issuing of a policy on an application which contains no answer to certain questions is a waiver of answer to those questions, and to avoid the policy in such cases, the insurers must prove untrue statements other than those inquired about: Wilson *v.* Hampden Fire Ins. Co., 4 R. I. 159; Campbell *v.* M. & F. Mutual Fire Ins. Co., 37 N. H. 35; Cumberland Valley *v.* Schell, 5 Casey 31; Liberty Hall Association *v.* Housatonic Mutual Fire Ins. Co., 7 Gray 261; Hall *v.* Peoples' Mutual Fire Ins. Co., 6 Gray 185; Lorillard Fire Ins. Co. *v.* McCullaugh, 21 Ohio St. 176; Dodge Co. *v.* Mutual Ins. Co., 12 Wis. 337.

If the omission to answer the printed question No. 11 in the application is waived by the issuing of the policy, the diagram on

[Armenia Fire Ins. Co. *v.* Paul.]

the back of that paper cannot prejudice the claim of the insured. It was not signed by the assured, nor is it referred to in the answer to any of the questions. The defendants having issued the policy without requiring any answer to the eleventh interrogatory contained in the application concerning the occupation of the building insured, it was fair to infer that they waived information on that point; and having done so, they cannot now avoid the policy by proof that the premises were used for a hazardous purpose or business: Liberty Hall Association *v.* Housatonic Mutual Ins. Co., 7 Gray 261.

Mr. Justice PAXSON delivered the opinion of the court, January 5th 1880.

The ground upon which the defendant below seeks to prevent a recovery is, that the plaintiffs were guilty of a suppression of facts material to the risk in their application for the policy. The application signed by Mary Ann Paul, the insured, includes a survey of the premises, which survey contains a' large number of printed questions with blanks left for the applicant to sign. Many of these questions were answered, and some of them were not. Among the questions left unanswered was the eleventh interrogatory, in these words: "External exposure: What is the distance, occupation and materials of all buildings within one hundred and fifty feet? North, east, south, west?" The omission to answer as to this matter is the cause of complaint. It was alleged, on behalf of the company, that instead of being free from exposure within one hundred and fifty feet, various inflammable buildings were situated within that distance, and a travelled railway track, in constant hourly use by a railroad company, was located within nine feet of the saloon insured; that the smoke-stacks of locomotives passing along the track emitted sparks of fire within twelve feet of the roof of the saloon.

The fire originated upon the insured premises. It was not caused by reason of its proximity to other buildings. It may have been occasioned by the passing locomotives. But of that the company had no cause to complain. The application discloses the fact that the property was situated on "the line of the Chartiers Valley Railroad and the P. C. and St. Louis Railroad, at the junction and near the depot." The company were thus warned that the location was one of danger.

Was the omission to answer the eleventh interrogatory such a concealment as avoids the policy? I am not aware that this question has been decided in this state. It has been decided elsewhere, however, and the authorities are against the company. Without elaboration, the rule appears to be, that the issuing of a policy, where a portion of the questions in the application remain unanswered, is a waiver of answer to such questions: May on Ins.

sect. 166, citing Wilson v. Hampden Fire Insurance Co., 4 R. I. 159; Campbell v. The Insurance Co., 37 N. H. 35; Liberty Hall Association v. Housatonic Insurance Co., 7 Gray 261. In the case of Hall v. The Insurance Co., 6 Gray 185, it was said by Shaw, C. J.: " The fact that one question was unanswered is immaterial; in fact, many questions were not answered. The company by consenting to make the policy upon the application as it was, waived all claim to further answers." As this rule seems reasonable, we adopt it. When the company came to issue this policy they saw that the eleventh interrogatory was unanswered. It was in their power then to decline the risk or seek further information. Having issued it they must be presumed to have been satisfied with the risk.

We do not regard the diagram as important. It is upon the back of the application, and was not signed by the insured. It is true there is a line printed in small type just below the signature of the applicant: " Make a diagram of the premises on the other side of this sheet." Such diagram was made. If it was intended to make this a diagram of surrounding property for the space of one hundred and fifty feet, it would have been only fair to have said so in the directions.

We see no error in this record.

Judgment affirmed.