Robert H. Hey, trading as Richard Hey & Son *v.* Guarantors' Liability Indemnity Co. of Pennsylvania, Appellant.

*Insurance—Definition of accident.*

An accident is an unusual or unexpected result attending the operation or performance of a usual or necessary act or event.

The exception in a policy of insurance of one from a number of like causes of damage to or destruction of property is a recognition by the insurer of its liability for loss arising from other causes of the same nature.

An insurance company is presumed to know that which is obvious in regard to the property insured, including the natural perils to which it is exposed.

In the absence of express stipulation and where no inquiry is made, a failure to state facts known to the insurer or his agent, or which he ought to know, is no concealment.   The insurers are presumed to be skilled in their business, and to know those general facts which are open to the public, and may be known to all who are interested to inquire.

An insurance company agreed to indemnify the insured against all loss arising from any accidental damage to or destruction of a stone mill and warehouse, etc., " excepting only damage to or destruction by fire or light-

ning." The property was injured " by reason of a sudden rise of the water " in a river upon which the property was situated.  In an action upon the policy the insurance company filed an affidavit of defense in which it averred that the injury did not arise from accidental damage to or destruction of the buildings, and that the insured did not state in his application for insurance that the property insured was on the bank of a river. *Held*, (1) that the destruction of the building by flood or freshet was accidental and within the terms of the policy; (2) that the insurance company must be presumed to have known the situation of the property and the natural perils to which it was exposed; (3) that the insured was guilty of no concealment or misrepresentation in not stating in his application that the property was on the bank of a river; (4) that the affidavit of defense was insufficient to prevent judgment.

Argued Jan. 26, 1897.  Appeal, No. 569, Jan. T., 1896, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1896, No. 822, making absolute a rule for judgment for want of a sufficient affidavit of defense.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Assumpsit on a policy of insurance.
Rule for judgment for want of a sufficient affidavit of defense.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in making absolute a rule for judgment for want of a sufficient affidavit of defense.

*J. Howard Gendell*, for appellant.—A reference to the dictionaries will show that an accident is something which occurs without design, is out of the usual and ordinary course of events, and is unforeseen and unexpected.  And such, substantially, is the construction which the courts have given to policies of insurance against personal injury.

It has been decided, both in England and in this country, that death or bodily injury effected by sun stroke, by heat, exhaustion or by miasma, is not an accidental injury but a disease, because produced by natural causes : Sinclair v. Maritime Pass. Assurance Co., 30 L. J. (Q. B. Div.) 77 ; 3 E. & E. (107 E. C. L. R.) 478; Dozier v. Fidelity & Casualty Co., 46 Fed. Rep. 446.

The peculiar risk from the rising of the river was well known

to the insured, who had suffered from such freshets before. If this fact had been disclosed, either the insurance would have been refused altogether, or at the least, it would not have been accepted for a ridiculously small premium.

The contract of insurance, being derived from the civil law, is not effected at arm's length, but is one of confidence, and any failure to disclose a fact material to the risk will avoid the policy: 3 Kent's Com., pp. 282–261; May on Ins., sec. 200; Pine v. Vanuxem, 3 Yeates, 30; Kohne v. Ins. Co. of North America, 6 Binn. 219; Curry v. Sun Fire Office, 155 Pa. 467.

*Francis S. Cantrell*, with him *Francis S. Cantrell, Jr.*, for appellee.—An accident may be the unexpected, that is undesigned, result of known causes: Burkhard v. Travellers' Ins. Co., 102 Pa. 268.

Damage done by a flood is accidental: Morison v. Davis & Co., 20 Pa. 171; Norris v. Savannah F. & W. Ry. Co., 1 Southern Rep. 475; Fletcher v. Inglis, 2 Barn. & Ald. 315; Bishop v. Pentland, 7 Barn. & C. 219.

The true criterion in determining whether an event was accidental or not, is this: Was the condition intended to be produced by certain voluntary human acts or by the known and expected operation of natural forces. If it was not so intended it was an accident: North Am. Ins. Co. v. Burroughs, 69 Pa. 43; Pickett v. Pacific Mut. Life Ins. Co., 144 Pa. 79; Sinclair v. Maritime Pass. Assurance Co., 30 L. J. (Q. B. Div.) 77; Dozier v. Fidelity & Casualty Co, 46 Fed. Rep. 446.

This is an attempt to allege a concealment of material facts. The whole basis of forfeiture for concealment is the idea that there were material facts within the knowledge of the insured which he concealed, and of which the insurer was ignorant: 1 Marshall on Insurance, 475.

The insurer is bound to know that which is obvious in regard to the object insured, also the natural perils to which it is exposed and the insured need not disclose them: Citizens Ins. Co. v. McLaughlin, 53 Pa. 485; 1 Marshall on Ins., 474; Sims v. State Ins. Co., 47 Mo. 54; Louck v. Orient Ins. Co., 176 Pa. 638; Burritt v. Saratoga Co. Ins. Co., 5 Hill, 192; Dwelling House Ins. Co. v. Hoffman, 125 Pa. 626; Clark v. Mfg. Ins. Co., 8 How. 235; Boggs v. America Ins. Co., 30 Mo. 63;

Gates v. Madison Co. Mut. Ins. Co., 5 N. Y. 469; Rawls v. American Mut. Life Ins. Co., 27 N. Y. 282; Lebanon Mut. Ins. Co. v. Kepler, 106 Pa. 28.

All that is required of the insured is that he shall not misrepresent or designedly conceal any facts material to the risk, and that he answer in good faith all questions asked him by the insurer: Protection Ins. Co. v. Harmer, 2 Ohio, 472; 2 Duer on Ins., 558; Louck v. Orient Ins. Co., 176 Pa. 638.

OPINION BY MR. JUSTICE McCOLLUM, May 17, 1897:

The policy in suit contains two distinct contracts of insurance. In the one on which the claim in this case is made the company agreed to indemnify the plaintiff against all loss arising from any accidental damage to or destruction of his stone mill and warehouse, machinery and stock, stable and other outbuildings located at No.   Ridge avenue, Manayunk, Phila., " excepting only damage or destruction by fire or lightning." The insurance was for one year from June 22, 1895.   On February 6, 1896, " by reason of a sudden rise of the water in the Schuylkill river " certain property in the buildings mentioned consisting of machinery, stock, etc., was damaged, destroyed or carried away by the waters which came in and upon the buildings.   The plaintiff in his statement of claim specified the items of damage and the amount thereof.

The company in its affidavit of defense disclaimed liability for the loss, alleging as grounds for the disclaimer that it did not arise from accidental damage to or destruction of the buildings, machinery, stock, etc., and that the plaintiff did not state in his application for insurance that the property insured was on the bank of the Schuylkill river.   The company also averred in its affidavit of defense that the amount claimed in the plaintiff's statement was an overestimate of his loss, and that there should be deducted from it the sum of $2,176.21.   The plaintiff agreed to the deduction claimed, and the court, having made it, entered judgment for the balance.   If there was no misrepresentation or concealment which vitiated the contract, and the language of the latter fairly includes and imposes a liability for the loss caused by the flood or freshet, the judgment should be sustained.   The defendant company's main contention is that damage to or destruction of property by a flood is not accidental

damage or destruction within the meaning of its contract.   This leads us to consider what an accident is.   The definitions of an accident as given in the Century dictionary are, among others, as follows: " 1.  In general anything that happens, or begins to be without design, or as an unforeseen event."   " 2.  Specifically, an undesirable or unfortunate happening ; an undesigned harm or injury ; a casualty or mishap."·   In Bouvier's Law Dictionary, accident is defined as " an event which under the cir-, cumstances, is unusual and unexpected by the person to whom it happens.   The happening of an event without the concurrence of the will of the person by whose agency it was caused ; or the happening of an event without any human agency."   In Anderson's Law Dictionary, the following definitions of accident are given, with citation of authorities : " An event or occurrence which happens unexpectedly from uncontrollable operations of nature alone, and without human agency ; or an event resulting· undesignedly and unexpectedly from human agency alone, or from the joint operation of both.   An event from an unknown cause or an unusual or unexpected event from a known cause ; chance, casualty."   A definition corresponding substantially with, those quoted above may be derived from our own case of North American Life and Accident Ins. Co. v. Burroughs, 69 Pa. 43.   The principle of that decision is that an accident is an unusual or unexpected result attending the operation or performance of a usual or necessary act or event.   To the same effect is Burkhard v. Travellers' Ins. Co., 102 Pa. 262.   Further reference to the authorities which define an accident is unnecessary.   It must be and is admitted by the defendant company that accidental ·damage to or destruction of property is the result of an accident.   It may be the consequence of a tornado, a flood or a thunderbolt.   These as causes of the damage or destruction may be considered as in the same category.   The destruction of a building by flood or freshet is as clearly accidental as the destruction of it by lightning.   If damage to or destruction of the property by lightning was not regarded· by the defendant company as accidental damage or destruction within the meaning of its contract it would not have excepted from the same, " damage or destruction by lightning."   The exception of one from a number of like causes of damage to or destruction of property was a recognition by the insurer of its liability for loss arising

from other causes of the same nature.    The fact that there had been floods in the Schuylkill before the occurrence of the one in question cannot affect the construction of the contract or the liability of the defendant company under it.

The company is presumed to know that which is obvious in regard to the property insured, including the natural perils to which it is exposed: Western & Atlantic Pipe Lines v. Home Insurance Co., 145 Pa. 346, and Louck v. Orient Insurance Co., 176 Pa. 638.    In the absence of express stipulation, and where no inquiry is made, a failure to state facts known to the insurer or his agent or which he ought to know is no concealment. The insurers are presumed to be skilled in their business and to know those general facts which are open to the public and may be known to all who are interested to inquire: May on Insurance, sec. 207.   Armenia Fire Ins. Co. v. Paul, 91 Pa. 520, and Dwelling House Insurance Co. v. Hoffman, 125 Pa. 626 are to the same effect.    In the case in hand there was no concealment or misrepresentation by the assured.    The hazards affecting liability to the public related to another branch of the indemnity promised by the insurer and obviously had no connection with the contract in question.    Our conclusion is that there was nothing in the affidavit of defense which constituted a complete or partial defense to the action, and that the judgment appealed from was properly entered.

Judgment affirmed.