# Hamilton v. American Indemnity Company, Appellant.

*Insurance—Collision clause—Scope.*

An automobile truck injured in an attempt of the chauffeur to drive the truck along exposed railroad tracks in an effort to regain the highway is not damaged in an "accidental collision with another object" as contemplated within the terms of an insurance policy.

Where the driver deliberately drove his truck over the rails in an attempt to extricate his car from the tracks he did so with

design, and the damage resultant from such accident cannot be attributed to accidental collision.

Argued October 10, 1923. Appeal, No. 162, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, March T., 1922, No. 734, on verdict for plaintiff in the case of James A. Hamilton v. American Indemnity Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on policy of insurance. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,048.09 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Harry R. Axelroth,* for appellant.—The damage to the truck was not covered by the policy: Douherty v. Insurance Company of North America, 38 Pa. County Ct. Reports 119; Stuht v. U. S. Fidelity & Guaranty Company, 154 Pac. 137; O'Leary v. St. Paul Fire and Marine Insurance Company, 196 S. W. 575; Bell v. American Insurance Co., 181 N. W. (Wis. 733).

*Albert L. Moise,* for appellee.—The accident was a collision within the meaning of the policy: Wetherill v. Williamsburg City F. Ins. Co., 60 Pa. Superior Ct. 37; Harris v. American Casualty Co., 83 N. J. 461; Stix v. Travelers' Indemnity Co., 175 Mo. App. 157; 6 Corpus Juris 867; Harvey v. Georgia Insurance Co., 81 S. E. 206.

OPINION BY GAWTHROP, J., November 19, 1923:

Plaintiff sued in assumpsit on an insurance policy issued to him by defendant and insuring certain motor trucks against certain hazards. This appeal is from a judgment entered on a verdict for plaintiff. Plaintiff's employee was driving the truck southwardly on Rising Sun Avenue, Philadelphia. The traveled roadbed was about wide enough for three trucks to pass each other at the same time. On each side of the traveled way was a trolley track. The rails were T rails about four and a half inches high and set upon ties like railroad tracks with no ballast between the rails. The top of the inside rails was flush with the surface of the highway. The truck driver turned off of the traveled roadbed on his left, putting his left front and rear wheels between the rails of the trolley track in order to pass another truck which was standing in the middle of the road. He continued to travel at a speed of about fifteen miles an hour, bumping over the ties, and then tried to turn back into the roadway. When his front left wheel came into contact with the rail, the truck turned over and the damage sued for followed. The right of plaintiff to recover depends upon the construction of the rider which was attached to the policy of insurance. It read as follows:

"In consideration of $2,329 premium and subject to all its other terms, conditions, limitations and agreements, the policy to which this endorsement is attached is hereby extended to cover:

"Against loss and or damage to the automobile described herein, including its operating equipment if caused solely by accidental collision with another object, either moving or stationery, excluding, however, all loss and or damage by fire arising from any cause whatsoever."

The question is whether the damage was the result of accidental collision with another object. Conceding that it is the rule to construe the language of an insurance contract liberally in favor of the insured so as not

to defeat, without clear necessity, his claim to indemnity which it was his object to secure, still the language must be construed in its plain, ordinary, popular sense.   What is the plain, ordinary meaning and popular sense in which the words "accidental collision with another object" were used?   It would be a work of supererogation to discuss the question if the words "collision with another object" were not modified by the word "accidental." This court held in Wetherill v. Williamsburgh Insurance Co., 60 Pa. Superior Ct. 37, that the words "collision with another object" covered the case of one who backed an automobile into the open area of an elevator shaft and the car was damaged by falling to the ground floor below. But in that case the hazard insured against was "collision" and not "accidental collision."   In our opinion that fact distinguishes that case from the case at bar.   The definitions of an accident as given in the Century Dictionary are, among others, as follows: (1) "In general anything that happens or begins to be without design, or as an unforeseen event."   (2) "Specifically, an undesirable and unfortunate happening; an undesigned harm or injury; a casualty or mishap."   In Bouvier's Law Dictionary, accident is defined as "an event which, under the circumstances, is unusual and unexpected by the person to whom it happens.   The happening of an event without the concurrence of the will of the person by whose agency it was caused; or the happening of an event without any human agency."   These definitions were quoted with approval by our Supreme Court in Hey v. Guarantors' Liability, etc., Co., 181 Pa. 220.   In the Standard Dictionary, the word "accidental" is defined as something "happening or coming by chance or without design."   Some authorities hold that the word "accidental" means the happening of an event without fault or negligence on the part of anyone.   This is a narrow and restricted meaning.   In its ordinary, popular sense, it expresses the thought of an event occurring without design or purpose, or unintentionally on the part of the

assured.  Given the latter meaning, it does not negative
the idea of negligence on the part of one whose physical
act the occurrence follows.  But it does not include the
result of wilful design.  If accident and negligence be
not opposites, accident and design are: McCarty v.
The New York and Erie Railroad Company, 30 Pa. 247;
1 Corpus Juris 392.  Can it be said that the collision of
plaintiff's truck with the track was accidental?  The
driver found that he was off the roadway and could not
turn back upon it without striking the rail.  He decided
that he would try to drive over the rail and, in so doing,
the truck upset.  The collision with the rail was not
accidental but by design.  Plaintiff's truck was not in-
sured against accident, but against accidental collision
with other objects.  If the driver, in trying to pass an-
other car, had struck the car, or a telegraph pole or curb
on the side of the road, the collision might be the result
of negligence merely and could be comprehended by the
words "accidental collision," because it was not by
design.  But, if the driver had deliberately driven the
truck into the rear of another car because it was in his
way, it would hardly be contended that the collision was
accidental, although the result was what is popularly
known as an accident.  That would be a clear case of col-
lision resulting from intention and design rather than
accident.  If the driver had found a telegraph pole lying
across the road and, in trying to drive around it, struck
it, the collision might be accidental.  But if he intention-
ally undertook to drive the truck over the pole, the
collision with the pole would not be accidental but inten-
tional.  The case at bar is not different from the last
example.  While the question what is and what is not an
accidental collision is often for the jury, it is a matter of
law for the court when the facts are admitted or free from
doubt.  We feel that fairly interpreted the policy in suit
does not cover the collision which caused the damages
sought to be recovered.  It follows that plaintiff is not

entitled to recover.   It is unnecessary to pass on the other assignments of error.

The first assignment of error is sustained, the judgment is reversed and the record remitted to the court below with instruction to enter judgment for the defendant notwithstanding the verdict.