M. Schnoll & Son, Inc. *v.* Standard Accident Insurance Company, Appellant.

Argued June 11, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Robert F. Blanck,* with him *Glenn A. Troutman,* and *McWilliams, Wagoner & Troutman,* for appellant.

*Paul Brandeis,* for appellee.

OPINION BY WRIGHT, J., September 16, 1959:

This case arises under a manufacturers' and contractors' schedule liability policy issued by Standard Accident Insurance Company to M. Schnoll and Son, Inc., hereinafter referred to as Schnoll, a painting contractor. Schnoll's complaint in assumpsit alleged that,

during the course of painting wood gables on a large number of houses in a building development, "paint was accidentally splashed whereby plaintiff was caused to repaint" the shingle siding on some 52 of the houses. Defendant's motion for a compulsory nonsuit was overruled, and its point for binding instructions was refused. The trial judge submitted to the jury the question whether the loss was caused by accident under the policy coverage. The jury found in favor of Schnoll. Defendant's motion for judgment n.o.v. was dismissed, and judgment was entered on the verdict. This appeal followed.

The policy under consideration covers liability for property damage in the following language: "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of any of the hazards hereinafter defined with respect to which insurance is afforded as provided in the declarations". Appellant contends that the interpretation of this language presented "a purely legal question" which should have been resolved in its favor. Appellee's counterstatement of the question involved is as follows: "Was not the question of interpretation of the words in the insurance policy a question of fact to be determined by a jury?"

The word "accident" is not defined in the policy, and the term must therefore be interpreted in its usual, ordinary and popular sense. "Webster has defined it as 'an event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event; chance; contingency'. Many courts have quoted this definition, and some have added to or embellished it, but in reality few have improved upon it": *Lacey v.*

*Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724. This definition is substantially repeated in *U. S. Mutual Accident Assn. v. Barry*, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60, where it was said that an "accident" within the meaning of an insurance policy is an event "happening by chance unexpectedly taking place not according to the usual course of things or not as expected". It seems clear that an accident is the antithesis of something likely to occur, foreseeable in due course. If an occurrence is the ordinary and expected result of the performance of an operation, then it cannot be termed an accident. To constitute an accident, the occurrence must be "an unusual or unexpected result attending the operation or performance of a usual or necessary act or event": *Hey v. Guarantors' Liability Indemnity Co.*, 181 Pa. 220, 37 A. 402. And see *Hamilton v. American Indemnity Co.*, 82 Pa. Superior Ct. 191.

In the light of the foregoing principles, we are unable to agree with the court below that the circumstances of the instant case raised a factual issue for submission to the jury. Schnoll's evidence clearly established that the dripping of paint was an expected occurrence in the course of the operation. In fact, the secretary-treasurer of the firm testified that "it is almost impossible to keep the drippings from falling". and Paul Gotas, Schnoll's employe and only other witness, stated that drippings were to be expected "no matter what you do". That drippings were an ordinary and expected result of the painting is shown by the efforts on Schnoll's part to prevent them from falling on the shingles. Aside from directions to its employes to "make sure they knocked off the excess paint on their pots before they applied it, and to take all precautions to avoid any drippings", Schnoll tried various methods of covering the shingles, including nailing up drop

sheets, erecting a lean-to against the side of the building, and constructing scaffolds. Thus Schnoll was aware that the paint would drip, was apparently unable to prevent the drops from falling on the shingles below, and continued to let them become stained by the paint. To hold that the resulting damage was caused by accident within the meaning of the policy would be, in effect, to constitute appellant a guarantor of perfect performance. Such liability was never intended.

While there are no Pennsylvania cases directly in point, our view is in accord with that in other jurisdictions. In *Kuckenberg v. Hartford Accident and Indemnity Co.*, 226 F. 2d 225, plaintiff was required to do a large amount of blasting during the construction of a highway. The blasting operations caused debris to slide down upon the tracks of the Southern Pacific Railroad, causing considerable damage. Plaintiff anticipated that damage would occur and took steps to avoid the loss, including the covering of the tracks with thick layers of dirt. In denying recovery, it was held that the damage inflicted "was the reasonably anticipated, ordinary, and expected result", and was not caused by accident. In reaching this conclusion the court said: "It is true that courts construing insurance contracts have differed in judgment whether the fact that the responsible cause is an intentional act suffices in itself to preclude the resulting injury from being 'accidental' damage . . . But if, in addition to being intentional, the harmful conduct is reasonably calculated to cause substantial damage of the very sort that occurs, all courts seem to recognize that the damage is outside of the insured risk". See also *Neale Construction Co. v. U. S. Fidelity and Guaranty Co.*, 199 F. 2d 591; *U. S. Fidelity and Guaranty Co. v. Briscoe*, 205 Okla. 618, 239 P. 2d 754.

To summarize, the result in the instant case was in no sense sudden, unusual, unexpected, unforeseeable,

or unanticipated. Schnoll knew that drippings would fall on the shingles, attempted without success to protect them from injury, and nevertheless continued the painting operation on a large scale and over a considerable period of time. Under no legal definition of the term can the resulting damage be regarded as caused by accident.

Judgment reversed and here entered for the appellant.