## Savard v. American Employers' Insurance Company

*James L. Shea* and *Baile, Thompson & Shea*, for plaintiff.

*George J. McConchie* and *Cramp & D'Iorio*, for defendant.

TOAL, J., March 10, 1964.—This matter was heard by a board of arbitrators who returned an award in favor of plaintiff. An appeal was taken by defendant

and the case was then heard by a judge without a jury. There appears to be no factual dispute between the parties. The suit is on a liability insurance policy issued by defendant to plaintiff and in force at the time the incident giving rise to plaintiff's claim under the policy occurred.

Plaintiff is a painting contractor. On May 15, 1962, he was painting the residence of S. N. Bradshaw. His employe, Wayne Ellis, working on the job, used a spray gun on the rain gutters of the house and in doing so an over-spray of paint fell on the roof of the house. Plaintiff secured an estimate to reshingle the Bradshaw's roof for $410. Ellis was using the spray gun on the rain gutters for eight or nine hours. Plaintiff agreed it was not proper procedure to use a spray gun on areas such as rain gutters because of the probability of an over-spray such as occurred here. The contract price of the paint job was $210, and after the over-spray was discovered by the Bradshaws they paid the contract price to plaintiff when he agreed in writing to reroof the house because of the unsightly damage done the roof.

The liability insurance policy issued by defendant contains inter alia the following provisions:

"The . . . Company . . . agrees with the insured . . . . to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property caused by accident. . . .

"It is agreed that such insurance as is afforded by the policy for property damage liability applies with respect to spray painting operations . . . subject to the following provisions: 1. $50.00 shall be deducted from the total amount . . . which the insured shall become legally obligated to pay . . .

"No action shall lie against the company unless, as a condition precedent thereto, . . . . the amount of the

insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company . . . ."

No judgment has been obtained against the insured (plaintiff) by the Bradshaws (claimants), nor has there been any written agreement between plaintiff and claimants determining the amount of plaintiff's obligation to them to which the company (defendant) has been party.

There is no doubt that the policy which is the subject of this case is one of indemnity against loss occasioned by accident. It is also apparent from the facts of the case that the damage complained of did not occur by accident as defined by our appellate courts. See the case of Casper v. American Guarantee and Liability Insurance Company, 408 Pa. 426 (1962), also M. Schnoll & Son, Inc. v. Standard Accident Insurance Company, 190 Pa. Superior Ct. 360 (1959).

If there was nothing more in the policy than the provision for coverage against liability for damage occasioned by accident, we would be compelled to find that the instant policy did not protect against damage done by spray painting as shown by the facts of the case at bar. However, there is something more than the general coverage, viz: a rider which treats damage by spray painting in a special way as stated in said rider and we quote:

"It is agreed that such insurance as is afforded by the policy for property damage liability applies with respect to spray painting operations . . . . subject to the following provisions: 1. $50.00 shall be deducted from the total amount . . . . which the insured shall become legally obligated to pay . . . ."

Unless this rider had some purpose it would not be a part of the policy. There was no apparent reason for

placing damage done by spray painting in a special category unless the company recognized that it could be specially treated in the manner as set forth in the rider dealing with damage done by spray painting. It is interesting to note that the rider respecting spray painting provides, ". . . . for property damage liability" and fails to say as in the principal provisions of the policy, ". . . . damages because of injury to or destruction of property caused by accident . . . ."

Where damages because of injury to or destruction of property caused by accident happens and the insured is obligated to pay said damages, then the company agrees to indemnify the insured for the full amount of said damages. But where damages occur done by spray painting then the insured must pay the first $50, and the company is only to pay any amount over $50. It is apparent that the company and the insured both recognized that damage by spray painting occurs quite frequently and the provisions that it need not occur simply by accident is eliminated by the special rider provided the insured assumes liability for the first $50. There is also the thought that damage by spray painting could, in most instances, be in an amount less than $50 and, in such cases, the company would not have to pay any amount of indemnity to reimburse the insured.

We are of the opinion that the special rider referring to "damage done by spray painting" eliminates the necessity that the damage be caused by "accident" as defined by our appellate courts and, therefore, the insurer is liable to indemnify the insured for any amount said insured is obligated to pay less $50, provided there has been a judgment obtained against the insured by claimant or that an agreement has been reached by the insured, claimant and the insurer with respect to the amount claimed for said damage. As neither of these requirements have been met we must hold that the suit

which is the subject of this case is premature and should be dismissed.

Accordingly the following is made:

*Order*

And now, March 10, 1964, the above case having been heard by a judge without a jury and it appearing that the question before the court resolved itself into a pure question of law and it further appearing that said question of law has been duly argued before the court en banc together with written briefs filed by both sides, and after due and careful consideration it is hereby ordered and directed as follows:

1. That judgment in favor of defendant and against plaintiff be and it is hereby rendered; and

2. That the costs be paid by plaintiff. An exception is granted to plaintiff.