CARROLL, Judge.
This appeal is by a contractor, who with its subcontractors (the appellees) was sued for property damage claimed to have resulted from their failure to properly perform a construction contract, from an order denying and dismissing the contractor’s cross-claim against the subcontractors to be reimbursed for its expenses in defending itself in the main action, under an indemnity agreement made by the subcontractors.
The record, which is in the form of a stipulation, reveals the following. The appellant, J. A. Jones Construction Co., herein referred to as Jones, entered into a contract with Eastern Airlines, Inc. for the construction of a hangar. Jones made subcontracts with the appellees Zack Co. and H. H. Robertson Company by which they undertook to perform the part of the construction contract which related to the roof and siding of the hangar building. The subcontracts contained an agreement by which the subcontractors, respectively, indemnified Jones against liability or claims for damage to persons or property “arising from accidents” which occurred “in connection with the subcontractor’s work,” or which were “occasioned by the subcontractor.” In addition, the subcontractors thereby agreed to defend suits brought against the contractor “on account of any such accidents” and to reimburse the con *448 tractor for any expenditures the latter should incur by reason thereof.[1]
Construction of the hangar was completed and the building was accepted by Eastern on June 18, 1963. Thereafter, in the course of a hurricane on August 26-27, 1964, Eastern suffered substantial property damage to the roof and siding of the building.
Eastern informed Jones that it intended to hold Jones responsible for the damage to the building. Jones, in turn, notified the subcontractors of the claim made against it. When the contractor and subcontractors disclaimed responsibility for the damage, Eastern filed an action in the circuit court of Dade County, for use and benefit of its insurer, to recover for the damage to the building.
The action by Eastern was brought against the contractor and the surety on the contractor’s performance bond, and against the subcontractors Zack and Robertson. The complaint alleged that the damage to the building, which happened during the hurricane, was the result of failure of the contractor and subcontractors to perform the work in accordance with the terms and specifications of the construction contract. The amount of the damage to the building was alleged to be $63,492.79, for which sum Eastern sought recovery against the defendants.
Upon being served with a summons and a copy of the complaint, Jones made demand upon the subcontractors Zack and Robertson to undertake its defense, and to hold it harmless from the damages sought against it by Eastern. The subcontractors rejected that demand by Jones. Thereupon Jones employed attorneys who proceeded to defend it in the cause.
By evidence produced on discovery it was revealed that the damage to its building for which Eastern sought recovery was to a portion or portions thereof which were constructed by Zack and Robertson under their subcontracts. Thereupon, Jones filed a cross-claim against Zack and Robertson, seeking indemnity for any damages which might be adjudged against it in the case, and to be reimbursed by the subcontractors for its costs and expenses in its defense of the suit. By stipulation, trial of the cross-claim was deferred until after trial of the plaintiff’s case. On trial of the latter before a jury, a verdict was rendered in favor of the defendants and judgment was entered thereon. The plaintiff (Eastern) appealed, and this court affirmed (Eastern Air Lines, Inc. v. J. A. Jones Construction Co., 223 So.2d 332).
It was stipulated in the record that in the trial of the case Eastern attributed the cause of the damages to the building to fault of the subcontractors and sought to recover against Jones on the basis of vicarious liability. Following rendition of the verdict for the defendants, Jones pressed for judgment on its cross-claim against Zack and Robertson for the amount it had reasonably and necessarily paid or incurred in defending itself in the main action, based on the agreement of the subcontractors to pay the same. See footnote No. 1. The trial court held that Jones was not entitled to be reimbursed therefor by the subcontractors, and granted judgment in favor of the cross-defendants on the cross-claim. This appeal followed.
*449 The appellant Jones contends the trial court was in error in ruling that the damage to the building was not one covered by or within the intent of the indemnity agreement, and therefore that Jones was not entitled to be reimbursed for its defense expense. The appellees contend the trial court ruled correctly on the cross-claim because the failure or collapse of the roof and siding of the hangar in the course of the hurricane did not constitute damage to the property arising from an accident.
Those adverse contentions of the parties present the question of whether the claim asserted in the suit by Eastern was for damage of the character covered by the indemnity agreement. We hold that it was. The portions of the building which were damaged were constructed by the subcontractors. The basis of Eastern’s claim was that the damage resulted from the failure to properly perform such construction. The damage to the roof and siding of the building in the hurricane was an event which, under the circumstances, was unusual and unexpected, and in our view was in the category of an accidental happening or occurrence within the meaning and intent of the agreement.
Vol. 1 Bouv.Law Diet., Rawle’s Third Revision, p. 101, defines accident as “An event which, under the circumstances, is unusual and unexpected. An event the real cause of which cannot be traced, or is at least not apparent. The happening of an event without concurrence of the will of the person by whose agency it was caused; or the happening of an event without any human agency. *44 An accident may proceed or result from negligence.” An earlier edition of Bouvier’s Law Dictionary defined accident as “An event which under the circumstances, is unusual and unexpected by the person to whom it happens.” The latter definition has been applied in determining whether damage sued for arose from an accident, under a contract to defend which so depended thereon, in Moffat v. Metropolitan Casualty Insurance Co. of New York, D.C.M.D.Pa.1964, 238 F.Supp. 165, and, as cited therein, in Hey v. Guarantor’s Liability Indemnity Co. of Pa., 181 Pa. 220, 224, 37 A. 402.
In Hardware Mutual Ins. Co. of Minn, v. C. A. Snyder, Inc. 3 Cir. 1957, 242 F.2d 64, 68, it was said: “ ‘Accident’ is a word of broad scope and includes many unfortunate occurrences not anticipated in the ordinary course of affairs. The willful act is not embraced by the word,[2] but the negligently-caused happening is understood to be an ‘accident’.”
“In construing a contract the leading object is to ascertain and effectuate the intention of the parties. To ascertain the real intent, the language used, the subject-matter, and the purpose designed may be considered. When the purpose designed to be accomplished is ascertained, the meaning and effect given to the language used should comport with the intended purpose. While ambiguous language is to be construed against the person using it, yet it should be given the meaning and effect that will be in accord with the object in view. The real intention, as disclosed by a fair consideration of all parts of a contract, should control the meaning of mere words, when the words have reference to the main purpose.” Brown v. Beckwith, 60 Fla. 310, 53 So. 542.
In Jacksonville Terminal Co. v. Railway Express Agency, Inc., 5 Cir. 1961, 296 F.2d 256, 259, the United States Court of Appeals for the Fifth Circuit, speaking through Chief Judge Tuttle with reference to the Florida law on the point, said: “ * * * [I]t is also clear that, in Florida, as elsewhere, the cardinal rule of construction is to ascertain the intention of the contracting parties and to give effect to that intention if it can be done consistently with legal principles. St. Lucie County Bank & Trust Co. v. Aylin, 94 Fla. 528, 114 So. 438. Where the language *450 chosen by the parties, given its ordinary and natural meaning, unambiguously manifests that intention, the judicial task is at an end. McGhee Interests v. Alexander National Bank, 102 Fla. 140, 135 So. 545.”
Viewing this indemnity agreement with those precepts in mind, we hold it appears therefrom with sufficient clarity that it was the general purpose and intent of the parties to the indemnity agreement that the subcontractors should hold the contractor harmless against liability or claims for damages “arising from accidents to persons or property” which were occasioned by the subcontractors or their agents or which were caused by the subcontractors in connection with the work of the latter on the building under their subcontracts; and that the agreement expressly imposed on the subcontractors the obligation to defend the contractor against claims so arising and to reimburse it for its expenses incident to the defense thereof.
The appellees present the further contention that even if Eastern’s claim as asserted was one for which Jones would have been entitled to indemnity if Eastern had recovered a judgment, the circumstance that the decision of the case in favor of the defendants involved a determination that the damage was not the fault of the subcontractors, operated to release them from any obligation to reimburse Jones for its expenses in defending the suit.
Relative to that contention it was argued in the brief of the appellees that the contractor’s cross-claim was properly denied by the trial court because in order for the subcontractors to be obligated to defend the claim asserted against the contractor “the claim must arise from an accident that is, in fact, occasioned (or caused) by the subcontractor, his agents, employees or invitees,” and that the judgment in favor of the defendants in the main case had established that the damage to the building “was not in fact caused by the sub-contractors Zack or Robertson, their agents, employees or invitees, or by work performed by them.” We reject that argument as unsound. The important factor is the nature of the claim, and not whether the prosecution thereof was successful. Of course, when no liability is adjudged against the contractor (as was the case here) the provision of the agreement to hold the contractor harmless from liability is not called into play. But the separate obligation contained in the agreement to defend the claim is another matter. That obligation was to defend any and all claims and suits against the contractor by which damages are claimed under circumstances for which, if judgment was obtained against the contractor, it would be entitled to indemnification under the agreement. Here the claim asserted and sued upon by Eastern was of that character, in that it represented a potential liability of the contractor for property damage for which the contractor would have been entitled to indemnity, thereby calling into effect the obligation of the subcontractors to supply Jones’ defense, regardless of whether the party asserting the claim should win or lose upon a final determination of the suit.
Accordingly, the judgment dismissing the cross-claim is reversed, and the cause is remanded with direction to enter judgment thereon in favor of Jones against the subcontractors for the amount of its expenses, including attorney fees, which the trial court shall determine were reasonably paid or incurred by Jones in defense of the said action against it.
Reversed and remanded with direction.

. “Article 10 — The Sub-Contractor hereby agrees to save and indemnify and keep harmless the Contractor, against all liability, claims, judgments or demands for damages arising from accidents to persons or property, whether occasioned by said Sub-Contractor, his agents, employees, or invitees, provided said accidents occur in connection with the Sub-Contractor’s work or are occasioned by said Sub-Contractor, Ms agents, employees, or invitees, in connection with other work; and the said Sub-Contractor will defend any and all suits which may be brought against the Contractor on account of any such accidents, and will make good to and reimburse the Contractor for any expenditures that said Contractor may make by reason of such accident.”

. See Hardware Mut. Cas. Co. v. Gerrits, Fla.1953, 65 So.2d 69.