475 P.2d 633 (1970)
A. D. IRWIN INVESTMENTS, INC., a Colorado corporation, Plaintiff in Error,
v.
GREAT AMERICAN INSURANCE COMPANY, Defendant in Error.
No. 7-349, (Supreme Court No. 23560.)
Colorado Court of Appeals, Div. I.
October 14, 1970.
*634 H. Earl Moyer, Leonard L. Beal, Lakewood, for plaintiff in error.
Yegge, Hall & Evans, Denver, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The action below was for a declaratory judgment initiated by the complaint of Great American Insurance Company against A. D. Irwin Investments, Inc., and Paul Walden, Inc. The parties are here in reverse order to their trial court positions.
The case is an offshoot of a suit brought by Irwin Investments against Paul Walden, Inc., an insured of Great American. Walden designed and installed an air conditioning system in an apartment building owned by Irwin Investments. All parties have stipulated in the present action that the manner in which Walden designed, and installed the air conditioning system caused losses to Irwin Investments, consisting of the following: (a) the expense of replacing certain functionally inadequate machinery; (b) the expense of repairing ceilings damaged of necessity in replacing that machinery; (c) the expense of wrapping certain piping to prevent further condensation, which condensation had dripped upon and damaged the basement ceilings of the apartment building; (d) the expense of redecorating the ceilings damaged by the condensation; and (e) the expense of repairing walls damaged by the vibration of the chiller, a part of the air conditioning equipment, which had not been properly mounted. After commencement of the damage action against Walden, it was determined that Walden was bankrupt.
Great American denied any coverage under the liability policy it had issued to Walden as to the damages claimed by Irwin Investments. Insofar as pertinent here, the Great American policy provided coverage to Walden for all sums that Walden might become legally obligated to pay as damages because of injury to or destruction of property, including loss of use, which was caused by accident. The policy also contained certain provisions of exclusion. The general denial of liability on the part of Great American was grounded on the contention that the damage claimed by Irwin Investments was not caused by an accident. Great American also asserted that, even if the damage were caused by an accident, three of the claimed damage elements were excluded from coverage by the exclusion provisions.
By agreement of the parties, these two questions concerning coverage by the Great American policy were made the subject of the declaratory judgment complaint, and these issues were tried to the court on stipulated facts. The trial court found, first, that none of the damage done to the property of Irwin Investments "occurred from an instant or a sudden, unexpected event or accident"; and, second, that the *635 Great American policy, subject to its exclusions, insured Walden only against claims for damage caused by accident. Third, the trial court found that all the damage was of a nature expressly excluded from the policy coverage. Irwin Investments contends that the first and third findings were in error.
Reduced to their basics, Irwin Investments' primary charges of error are that the trial court erred in concluding that the damage which resulted from the accumulation of condensation on unwrapped piping and the installation of inadequate motors in an air conditioning system was not the result of an "accident." Irwin Investments urges that we define that word legally as it applies to the context of the insurance policy here. We find it sufficient to state here that, in our opinion, damage which occurs and reoccurs over a continued period of time from the gradual accumulation of condensate or from the functioning or removal of inadequately powered and improperly installed motors is not the result of an accident. See American Casualty Co. of Reading, Pa. v. Minnesota Farm Bureau Service Co., 8 Cir., 270 F.2d 686.
This case presents a breach of contract by Walden, the insured, in designing and installing the air conditioning system. Great American did not, by its contract of liability insurance, become a guarantor of perfect performance. M. Schnoll & Son, Inc. v. Standard Accident Insurance Co., 190 Pa.Super. 360, 154 A.2d 431. The trial court was correct in its finding that none of Irwin Investments' damage resulted from an accident.
Having determined that Great American is without liability under its contract of insurance because of the lack of basic coverage, we need not review the propriety of the trial court's finding on the effect of the exclusionary provisions.
Judgment is affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.