K. B. JOHNSON v. G. E. HUGHES AND SOUTHERN DAIRIES, INC.

(Filed 1 January, 1935.)

**Master and Servant F a—Physical breakdown from overwork, although the result of negligence, is compensable under Compensation Act.**

> Plaintiff brought action in the Superior Court alleging that as a result of being required to move heavy objects in the performance of his work over a period of years plaintiff's health had been shattered, and that defendant had negligently ordered plaintiff to move the heavy objects without furnishing plaintiff sufficient help to do the work. Defendant demurred upon the ground that the action was within the exclusive jurisdiction of the Industrial Commission: *Held,* the demurrer was properly sustained, injuries to employees by accident in the course of their employment being compensable whether resulting from active negligence or not, and sickness or physical breakdown produced solely by negligence not being *per se* an "occupational disease."

CIVIL ACTION, before *Pless, J.,* at June Term, 1934, of BUNCOMBE.

The plaintiff brought a civil action for damages for personal injury. He alleged that on or about 16 May, 1931, and on various days thereafter, and while in the employment of the defendant, he was required to move certain heavy equipment, consisting of metal pipe, coils, pumps, electric motors, bottle fillers, vats, ice cream freezers, etc., and that in the performance of such duties he was not furnished sufficient help, and that as a result "of defendant's said negligence and wilful acts and commands and orders, the plaintiff's nerves and nervous system, strength and general health were impaired, shattered, and destroyed, and the plaintiff has been seriously, permanently, and totally incapacitated for the prosecution of work for which he previously earned about $50.00 per week," etc. The defendant demurred upon the ground that it appeared upon the face of the complaint that the relation of employer and employee existed between the plaintiff and the defendant "at the time plain-

tiff's alleged cause of action arose, and that such rights and remedies as plaintiff had, if any, are governed by the provisions of the Workmen's Compensation Act, and that therefore only the Industrial Commission of North Carolina had jurisdiction to hear and determine the matters alleged and set forth in the complaint."

No point is made that the defendant did not have in his employment the necessary number of workmen. The demurrer was sustained by the judge of the county court, and upon appeal to the Superior Court the judgment of the county court was affirmed. Thereupon, the plaintiff appealed to the Supreme Court.

*Geo. M. Pritchard for plaintiff.*
*Johnson, Rollins & Uzzell for defendant.*

PER CURIAM. It was held in *McNeely v. Asbestos Co.,* 206 N. C., 568, that injuries by accident sustained by a workman, in the course of his employment, were compensable, whether such injuries resulted from active negligence or not. It was further held that sickness or physical breakdown, produced solely by negligence, was not *per se* an "occupational disease," but an injury by accident within the meaning of the Compensation Act.

The case at bar, therefore, is controlled by the *McNeely case, supra.*

Affirmed.