The plaintiff brought a civil action for damages for personal injury. He alleged that on or about 16 May, 1931, and on various days thereafter, and while in the employment of the defendant, he was required to move certain heavy equipment, consisting of metal pipe, coils, pumps, electric motors, bottle fillers, vats, ice cream freezers, etc., and that in the performance of such duties he was not furnished sufficient help, and that as a result "of defendant's said negligence and wilful acts and commands and orders, the plaintiff's nerves and nervous system, strength and general health were impaired, shattered, and destroyed, and the plaintiff has been seriously, permanently, and totally incapacitated for the prosecution of work for which he previously earned about $50.00 per week," etc. The defendant demurred upon the ground that it appeared upon the face of the complaint that the relation of employer and employee existed between the plaintiff and the defendant "at the time *Page 545 
plaintiff's alleged cause of action arose, and that such rights and remedies as plaintiff had, if any, are governed by the provisions of the Workmen's Compensation Act, and that therefore only the Industrial Commission of North Carolina had jurisdiction to hear and determine the matters alleged and set forth in the complaint."
No point is made that the defendant did not have in his employment the necessary number of workmen. The demurrer was sustained by the judge of the county court, and upon appeal to the Superior Court the judgment of the county court was affirmed. Thereupon, the plaintiff appealed to the Supreme Court.
It was held in McNeely v. Asbestos Co., 206 N.C. 568, that injuries by accident sustained by a workman, in the course of his employment, were compensable, whether such injuries resulted from active negligence or not. It was further held that sickness or physical breakdown, produced solely by negligence, was not per se an "occupational disease," but an injury by accident within the meaning of the Compensation Act.
The case at bar, therefore, is controlled by the McNeely case, supra.
Affirmed.