REX ROOFING COMPANY, INC., Plaintiff, *v.* LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Defendant.

First Department, November 25, 1952.

*Olin S. Nye* for plaintiff.

*Herbert A. McDevitt* of counsel (*William A. Needham* with him on the brief; *McDevitt, Stricker & Needham,* attorneys), for defendant.

PECK, P. J. This is a submitted controversy. The question is one of an insurance company's liability to its insured under an insurance contract. Plaintiff is a roofing contractor and defendant a casualty insurance company, insuring plaintiff

against liability imposed upon it by law for damages because of injury to property " caused by accident ". Excluded from the coverage of the policy is property in the " care, custody or control " of the insured.

In January, 1949, plaintiff was engaged in resurfacing the roof of an apartment building. The work commenced on January 18th and was suspended because of inclement weather on the 19th. Work was resumed on the 20th and progressed on the 21st to a point where the entire roof was covered with felts, nailed down and sealed on all sides with flashing cement, and nearly half of the roof was covered with an outer layer of felts mopped in with hot asphalt, when it began to snow heavily, preventing completion of the work. Later in the day the snow turned to rain. Because the roof was a flat surface and snow-covered, the water was unable to drain off and collected on the roof and backed up under the felts, leaking down into the interior of the building.

No tarpaulins or covering of any kind, other than the roofing materials installed at the time, were placed over the work when the job was left. When water began to enter the building the fire department was called and covered part of the roof with tarpaulins, but water collected on the tarpaulins and a considerable quantity entered the interior of the building and damaged both the interior and articles of personal property in the tenants' apartments.

Actions were brought against plaintiff by the owner of the building and five tenants for the damage caused by entry of the water. In all of these actions it was claimed that the damage was caused by the negligence of plaintiff in performing the work on the roof.

Defendant insurance company refused to defend the actions, disclaiming liability under the policy upon the grounds that the " occurrence was due to faulty workmanship " on the part of plaintiff and was not " caused by accident ", and that the property damaged was in the " care, custody or control " of plaintiff.

The actions were compromised for a total sum of $4,913 and plaintiff expended for legal services the sum of $556.54, agreed by the parties to be fair and reasonable. Plaintiff claims that the policy provides coverage for the loss sustained in the total amount of $5,469.54. Defendant does not contest the calculation of the amount but contends that the policy does not provide coverage for the claim.

Defendant's argument, as presented on this submission, is that the property damage resulted from plaintiff's conduct in half doing the roofing job and leaving it exposed to the elements, and therefore was not an accident or produced by accidental means but was either the result of actual design or falls under the maxim that every man must be held to intend the natural and probable consequences of his acts. Taking a dictionary definition of an accident as an event which is unexpected, the cause of which cannot be traced, or at least is not apparent, defendant contends that the damage here experienced could have been foreseen and was the result of calculated conduct rather than of chance.

While undoubtedly the intentional infliction of injury cannot be regarded as an accident and conduct may be so heedless as to be equated to the willful, we cannot take seriously the suggestion that plaintiff's conduct here was more than negligent. Defendant does not go so far as to suggest that negligence on the part of plaintiff absolves the defendant of liability or that the term " accident " should be so narrowly construed as to rule out an occurrence caused by negligence. Indeed, negligence would be the predicate of any likely liability insured against and defendant concedes that in construing a contract of this kind words should not be given a technical meaning but should be taken as they would be understood by an average man. We have no doubt that the average man would consider the occurrence in question as an " accident " in the common conception of that word.

Our only problem, in the light of defendant's argument, is whether the controversy may be taken as one complete on the agreed facts without inferences to be drawn and necessary to a decision. Defendant urges upon us an interpretation of the facts and a characterization of plaintiff's conduct. Certainly such interpretation and characterization are not the inevitable inferences to be drawn from the agreed facts, such as would warrant granting judgment to the defendant, and the only question is whether they are permissible inferences constituting a triable issue. If the inferences were permissible, we would say that there was a question which prevented us from taking the matter as a submitted controversy.

To our mind it is so clear, however, on the agreed facts, that the occurrence falls within the definition of an " accident ", within the terms of the policy, that no finding to the contrary could be allowed to stand. Likewise, we find defendant's argu-

ment with respect to the custody and control of the interior of the building to be unpersuasive. We therefore accept the controversy and award judgment to the plaintiff.

CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur.

Judgment directed for the plaintiff. Settle order on notice. [See 281 App. Div. 744.]