226 F.2d 225
 Henry A. KUCKENBERG, Harrict Kuckenberg and Lawrence
Kuckenberg, Doing Business as Kuckenberg
Construction Co., Appellants,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, Appellee.
 No. 14415.
 United States Court of Appeals Ninth Circuit.
 Oct. 19, 1955.
 
 Mautz, Souther, Spaulding, Denecke & Kinsey, Kenneth E. Roberts, Portland, Ore., for appellants.
 James Arthur Powers, Portland, Ore., for appellee.
 Before STEPHENS, BONE and HASTIE, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 This is an appeal by an insured contractor from a judgment for the insurer disallowing a claim as beyond the coverage of a policy which insured against liability for damage 'caused by accident.'
 
 
 2
 Diversity of citizenship is the basis of federal jurisdiction. The insurance contract was executed in Oregon to protect the contractor from liability for damage incidental to his operations. It follows and is not disputed that Oregon law determines the critical question whether a policy which in terms insures against liability for property damage 'caused by accident' is properly construed to insure against the harm which occurred in this case.
 
 
 3
 The contractor had been engaged by the United States to construct a highway along a mountainside on a course from 20 to 600 feet above and roughly paralleling a railroad line of the Southern Pacific Company. The road building required extensive blasting of the rocky slope as well as the removing of trees, boulders and masses of rubble. From time to time the blasting and clearing caused large quantities of this heavy material to fall upon the railroad right of way damaging the track and the roadbed.
 
 
 4
 Part of this damage is the subject matter of the present suit. It is divisible into three categories. At times, because of faults in the rock, the blasting dislodged much more rock and dirt than te contractor had calculated. The resulting fall and slide of masses of heavy material in unanticipated quantities destroyed sections of track and roadbed. At other times the attempt to scoop up and remove loose material after blasting caused huge boulders to roll down the mountainside damaging the railway below. Finally, on some occasions large trees, whose fall would usually be retarded by the growth on the forested mountainside, fell unchecked with damaging force upon the railway.
 
 
 5
 The road building contract itself provided for the eventuality of damage to the Southern Pacific line as a result of the contractor's operations. In that contract with the United States the contractor undertook to minimize such damage and to replace 'broken rail, damaged ties and fouled ballast.' Moreover, as the work progressed the contractor from time to time covered the railroad tracks with thick layers of dirt to minimize the damage from falling material. It is entirely clear that the physical situation made some substantial damage to the railroad property the normal and anticipated consequence of the road building. In these circumstances the contractor attempts to separate that normal damage from extraordinary damage in the above stated categories which he characterizes as unforeseeable, and, therefore, damage caused by accident.
 
 
 6
 The District Court, after summarizing the facts outlined above which were not in dispute, concluded that the damage done 'was the reasonably anticipated, ordinary and expected result of plaintiff's operation under the circumstances herein presented and did not result from 'accident". This is at least an unimpeachable finding that substantial damage of the very type which occurred was a normal and probable consequence of such blasting and clearing as the contractor undertook. And, as we view the law, that is enough to sustain a conclusion that the harm was not 'caused by accident' within the meaning of the liability insurance policy.
 
 
 7
 It is true that courts construing insurance contracts have differed in judgment whether the fact that the responsible cause is an intentional act suffices in itself to preclude the resulting injury from being 'accidental' damage. See cases collected in Note, 1947, 166 A.L.R. 469. But if, in addition to being intentional, the harmful conduct is reasonably calculated to cause substantial damage of the very sort that occurs, all courts seem to recognize that the damage is outside of the insured risk. The fact that the injury is more extensive than had been anticipated does not suffice to make the damage accidental. We find sanction for this limitation of the insured risk both in our reading of the reported cases and in our understanding of the normal expectations of the entrepreneur who seeks to protect his activity against liability for damage caused by accident.
 
 
 8
 In the present litigation, even if the intentional character of the contractor's harmful conduct does not proclude liability,[1] at least the claimant had to show that he could not reasonably have anticipated that his conduct would cause substantial harm of the type which occurred. The trier of fact properly found against the claimant on this issue.
 
 
 9
 The judgment is affirmed.
 
 
 
 [1]
 Oregon holdings that intentional acts are not 'accidental means' do not involve liability insurance and do not construe the precise phrase 'caused by accident'. Buckles v. Continental Casualty Co., 1952, 197 Or. 128, 251 P.2d 476; Kendall v. Travelers' Protective Association of America, 1918, 87 Or. 179, 169 P. 751; Dondeneau v. State Industrial Accident Commission, 1926, 119 Or. 357, 249 P. 820. But, by analogy, they lend support to the contention that damage caused by intentional acts of the insured is outside the risk insured here