101 So.2d 821 (1958)
John A. CHRIST, Lena Christ, Edgar N. Christ, Walter Christ, Homer G. Christ and Vergil Christ, partners, trading as Christ Building Supply Company, Appellants,
v.
PROGRESSIVE FIRE INSURANCE COMPANY, a Georgia Corporation, Appellee.
No. 288.
District Court of Appeal of Florida. Second District.
March 19, 1958.
Rehearing Denied April 23, 1958.
Halley B. Lewis, Arcadia, for appellants.
Treadwell & Treadwell, Arcadia, for appellee.
SANDLER, HARRY N., Associate Judge.
The appellee here, as plaintiff in the Trial Court, in its complaint set forth that it had issued its policy of insurance insuring the defendants, appellants here, against the hazards named in said policy; that during the policy period, July 1, 1956, to July 1, 1957, defendants were engaged in the general contracting business and had entered into a contract with a third party to furnish all labor and material necessary for the reroofing of this third party's building in Arcadia, Florida; that this building, which was the subject of the contract for reroofing, had four store buildings on the ground floor leased to various tenants; that the defendants in the pursuance of their contract had commenced the reroofing job, but suspended operations for the week-end at about 4:30 P.M. on Friday, July 27, 1956; that thereafter, on the following Sunday, to-wit, July 29th, it began to rain, a heavy rain ensued and rain water seeped through the top of the building and into the store rooms on the ground floor occupied by the said tenants and that the said tenants were calling upon the defendants to reimburse them for damage to their goods and merchandise by reason thereof. In the complaint the plaintiff alleged that it was not liable to the defendants under the terms of the policy, making special reference to paragraph D of the policy wherein it was provided that liability for damage under the terms of the policy must be caused by an accident and that no accident had been alleged. Paragraph D provides as follows:
"Coverage D  Property Damage Liability  Except Automobile: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."
*822 The complaint goes on to allege a genuine controversy relative to the construction of the policy. The defendants filed an answer substantially admitting all the facts in the complaint but contended that the loss resulted from an accident as contemplated by the policy in question.
Upon a motion for summary judgment by the plaintiff, supported by affidavits, and the affidavits and depositions filed on behalf of the defendants, the Trial Court found that there was no genuine issue as to material facts and entered a summary judgment for the plaintiff, holding that a heavy rain under the circumstances was not an accident under the terms of the policy of insurance. The question presented, therefore, is a proper interpretation of the word "accident" as used in the insurance policy. In the case of Hardware Mutual Casualty Co. v. Gerrits, Fla., 65 So.2d 69, 70, there is involved a policy for loss occasioned by accident wherein the applicable provision reads as follows:

"Coverage B. Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident arising out of the hazards hereinafter defined."
The two provisions are substantially alike. In the Hardware Mutual Casualty Company case the facts were that the insured constructed a building on his land so that it encroached upon an adjoining lot though he did so in reliance upon an erroneous survey. The Supreme Court held that this did not constitute an accident under the coverage of the policy, stating in the opinion:
"An effect which is the natural and probable consequence of an act or course of action is not an accident * * *."
In the case of Midland Construction Co. v. United States Casualty Co., 10 Cir., 214 F.2d 665, 666, the Court in speaking of the term or word "accident", said:
"The meaning of the word `accident' cannot be defined with pinpoint accuracy or definiteness. We sometimes speak of an event which is the usual, natural, and expected result of an act as an accident, but in legal parlance an accident under the terms of an insurance policy, such as we have here, is variously defined as an unusual and unexpected event, happening without negligence; an undesigned, sudden, and unexpected event; chance or contingency; happening by chance or unexpectedly; an event from an unknown cause or an unexpected event from a known cause. It may be that an unprecedented, torrential downpour of rain may under certain conditions be considered an accident, but afternoon showers  and this seems to have been an ordinary rain  are not unusual or unexpected. Common experience teaches that they happen frequently and are of common occurrence. A farmer may go forth in the morning, with not a cloud in the sky, to cut his alfalfa and yet have rain fall before evening. This is of such common occurrence that its happening cannot be said to be unexpected, unusual, or unanticipated, or beyond the ordinary experience of man."
For further authorities similarly interpreting the word "accident" see 1 Words and Phrases  Accidents. The appellants place considerable reliance upon Rex Roofing Co. v. Lumber Mutual Casualty Insurance Co. of New York, 280 App.Div. 665, 116 N.Y.S.2d 876, in which it was held that a winter snow falling on a roof and turning to rain which leaked into the building was an accident. We do not agree with the reasoning in that case which would require us to hold that an ordinary afternoon shower is an accident within the meaning of an insurance policy such as we have here. *823 For a contractor to proceed to repair a roof, leave the work unfinished over the week-end during the month of July without taking proper precautions to protect against rain or showers, having every reason to anticipate that a shower is likely to occur in the "rainy season", which is a matter of common knowledge, cannot be held to be an accident. To do so would be to ignore conditions as they exist.
The judgment appealed from is affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.