123 So.2d 300 (1960)
MICHIGAN MUTUAL LIABILITY COMPANY, a Michigan corporation, Appellant,
v.
G. & L. ROOFING CO., a Florida corporation, and E.C. Young, Appellees.
No. 60-3.
District Court of Appeal of Florida. Third District.
September 22, 1960.
Rehearing Denied October 18, 1960.
*301 Charles C. Papy, Jr., Miami, for appellant.
Lally & Miller and Richard E. Hodges, Miami, for appellees.
ODOM, ARCHIE M., Associate Judge.
The appellant filed an action setting forth it had issued a policy of insurance, insuring appellee against certain hazards named in the policy. Appellant denied any liability to appellees under the terms of said insurance policy and specifically under the following provision:
"Coverage B  Property Damage Liability  To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."
Briefly stated the facts of the case are as follows: Appellee was engaged in the roofing business and had contracted with a third party to put a new roof on the residence of said third party. Work was begun on said roofing job around 8:00 a.m., June 20, 1958, in Miami, Florida. The record reflects at that time the skies were clear. The first part of the roofing job was to remove the old roof down to the boards which was completed about 10:30 a.m. The foreman of appellee who was supervising several jobs on this day and was at this particular job at approximately 10:45 a.m. testified that the workmen of appellee were ready to start putting on the new roof at this time and that the weather was "more or less clear". A laborer for appellee testified that he first noticed severe rain clouds while taking time off for lunch at 12:00 o'clock. All the laborers went back on the roof and attempted to seal the paper already laid but rain fell before the sealing could be completed causing water damage to the interior of the residence. There is evidence that the rain was heavy but of short duration.
The trial court in its final decree found for the appellee holding that appellant was liable to appellee under the terms of said policy. It is from this decree that this appeal is taken.
Both parties have cited Christ v. Progressive Fire Insurance Company, Fla. App. 1958, 101 So.2d 821, as authority for the positions taken by each in the case and the trial judge also recognized that case *302 as governing the case at bar but determined that there were distinguishing factors.
The facts of the Christ case are briefly as follows: the contractor began a reroofing job on July 27, 1956, a Friday, but suspended work for the week-end about 4:30 p.m. on Friday. There was a heavy rain on Sunday causing damage to the property owner. The trial court found that the Insurance Company was not liable to the contractor under the terms of a policy similar to the one in the case at bar and the District Court of Appeal, Second District, affirmed the lower court.
The same question is before this court as was before the court in the Christ case, namely, an interpretation of the word "accident" as used in the insurance policy.
The court in the Christ case cited with approval Midland Construction Co. v. United States Casualty Co., 10 Cir., 214 F.2d 665, 666 wherein the term or word "accident" is explained in the following language [101 So.2d 822]:
"The meaning of the word `accident' cannot be defined with pinpoint accuracy or definiteness. We sometimes speak of an event which is the usual, natural, and expected result of an act as an accident, but in legal parlance an accident under the terms of an insurance policy, such as we have here, is variously defined as an unusual and unexpected event, happening without negligence; an undesigned, sudden, and unexpected event; chance or contingency; happening by chance or unexpectedly; an event from an unknown cause or an unexpected event from a known cause. It may be that an unprecedented, torrential downpour of rain may under certain conditions be considered an accident, but afternoon showers  and this seems to have been an ordinary rain  are not unusual or unexpected. Common experience teaches that they happen frequently and are of common occurrence. A farmer may go forth in the morning, with not a cloud in the sky, to cut his alfalfa and yet have rain fall before evening. This is of such common occurrence that its happening cannot be said to be unexpected, unusual, or unanticipated, or beyond the ordinary experience of man."
Still referring to the Christ case we find that the court in determining that the reasoning was bad in Rex Roofing Co. v. Lumber Mutual Casualty Insurance Co. of New York, 280 App.Div. 665, 116 N.Y.S.2d 876, made this statement:
"We do not agree with the reasoning in that case which would require us to hold that an ordinary afternoon shower is an accident within the meaning of an insurance policy such as we have here."
The record in the case at bar reveals nothing more than a rapid developing, heavy summer shower, but certainly not unusual for South Florida during the summer months.
Although there is some difference in the factual situation of the Christ case and the case at bar, it is our opinion that the principles of law enunciated in the Christ case should be applied to the case at bar.
Accordingly, this cause is hereby reversed with directions to the lower court to set aside the final decree for appellee and enter a final decree in favor of appellant.
Reversed and remanded.
CARROLL, CHAS., J., concurs.
PEARSON, Acting Chief Judge (dissenting).
I respectfully dissent from the conclusion reached by the majority of the court. The effect of the opinion is to narrowly limit the meaning of the word "accident" to include only those events which are unusual *303 and which do not often happen. The policy was a comprehensive general liability policy issued to a roofing company. It is clear that as held in the case of Christ v. Progressive Fire Insurance Company, Fla.App. 1958, 101 So.2d 821, this policy was not intended to provide a type of coverage which would permit a roofer to abandon his work an unreasonable length of time and then hold the insurance company liable for damages caused by rain coming through an open roof.
On the other hand, it should be given a practical and reasonable interpretation. See 18 Fla.Jur., Insurance § 91 and cases cited therein. An interpretation to the effect that damages caused by a rainstorm occurring suddenly and without definite warning, while the roofer was on the job site, would be covered by the policy, is consistent with reason. The chancellor found from the conflicting evidence that the skies were comparatively clear and the rainstorm developed within an unusually short period of time. Thus, it would appear to me that the more reasonable meaning of the term "accident" under the type of policy involved, taking into consideration the nature of work performed by the insured, is as follows: An accident includes not only an event which is unusual, sudden and unexpected, but also an event which is commonplace, where the manner of its occurrence is not in the ordinary and usual way. See 45 C.J.S. Insurance § 753a and cases cited therein.
I would affirm upon that basis.