124 So.2d 261

**EMPLOYERS INSURANCE COMPANY OF ALABAMA, INC.**

**v.**

**ALABAMA ROOFING & SIDING COMPANY, INC.**

**6 Div. 598.**

Supreme Court of Alabama.

Nov. 3, 1960.

J. Kirkman Jackson, Birmingham, for appellant.

P. P. Vacca and Cato & Hicks, Birmingham, for appellee.

**LAWSON, Justice.**

The question is one of an insurance company's liability to its insured under an insurance contract.

Plaintiff is a roofing contractor and defendant an insurance company which contracted to pay on behalf of the plaintiff all sums which the plaintiff "shall become legally obligated to pay as damages because of injury to or destruction of property, * * * *caused by accident* * * *" (Emphasis supplied.)

In October, 1957, plaintiff was engaged in putting a new roof on a building in Birmingham. The work commenced about noon on October 20, 1957. During that afternoon about one half of the roof was removed and the work on the new roof progressed to the extent that rosin paper was applied to the decking and two layers of felt were applied. The joints had been cemented on the layers of felt which had been applied and the felt had been cemented to the parapet wall which surrounded the slightly tilted but otherwise flat roof at the time the work ended on the afternoon of October 20, 1957. The work which was done on that afternoon was performed in a workmanlike manner. An additional layer of felt and a coating of asphalt and slag was yet to be placed.

A rainstorm occurred after work was stopped on the afternoon of October 20th and before work could be resumed on the following morning. The rain accumulated on the flat roof to a point where it seeped through the flashing which the plaintiff had applied to the parapet. The water which seeped through the area of the roof on which plaintiff had worked caused damage to the ceiling and walls of the building and to the inventory in the grocery store of a Mr. and Mrs. Ben George, for whom the plaintiff was doing the roofing work.

Thereafter, Mr. and Mrs. George brought suit against the roofing contractor, the plaintiff in this suit, to recover for damages sustained by them as a result of the seepage of rain water into the building. The defendant insurance company refused to defend that suit, disclaiming liability under the policy because the damage sustained by Mr. and Mrs. George "was not caused by an accident."

The trial of that suit resulted in a judgment in favor of Mr. and Mrs. George and against the roofing contractor in the sum of $1,000 and costs. The roofing contractor expended for legal services in the defense of the suit brought against it by Mr. and Mrs. George the sum of $400, which amount is agreed by the parties to be fair and reasonable. Costs amounted to $38.40.

In this suit the plaintiff, the roofing contractor, claims that the insurance policy provides coverage for the loss sustained in the total amount of $1,438.40.

The defendant insurance company does not contest the calculation of the amount, but contends that the policy does not provide coverage for the claim for the reason heretofore pointed out.

In the trial of this suit in the court below a judgment was rendered in favor of the plaintiff, the roofing contractor, against the defendant insurance company in the sum of $1,438.40. From that judgment the insurance company has appealed to this court.

Counsel for the parties have cited three opinions by other courts wherein the factual situations were substantially the same as the facts of this case. We have not found any other case with exactly the same factual background.

In Christ v. Progressive Fire Ins. Co., Fla.App., 101 So.2d 821, and in Midland Const. Co., Inc. v. United States Cas. Co.,

10 Cir., 214 F.2d 665, the holdings were contra to that reached by the trial court in this case.

The rationale of the holding in Christ v. Progressive Fire Ins. Co., supra, is that the damage to the property owner was caused by the negligence of the roofing contractor in leaving the building partially uncovered. In other words, we understand that case to hold, in effect, that a finding that damage was the result of negligence necessarily excludes a finding that the damage resulted from an accident.

The conclusion of the United States Circuit Court of Appeals for the Tenth Circuit in Midland Const. Co., Inc. v. United States Cas. Co., supra, is based on a reasoning similar to that of the Florida court in the case just referred to above. See Hutchinson Water Co. v. United States Fidelity & Guaranty Co., 10 Cir., 250 F.2d 892.

But this court does not subscribe to the view that the term "accident" necessarily excludes human fault called negligence. Employers Ins. Co. of Alabama v. Rives, 264 Ala. 310, 87 So.2d 653, 654. Rives was a contractor. Employers Insurance Company had issued its policy to indemnify him from "liability imposed upon him by law for damages because of injury to or destruction of property, * * * *caused by accident* * * *." (Emphasis supplied.) Rives entered into a contract with one Williams to install pumps at a filling station and to connect the pumps with underground tanks. In performing this work Rives' employees negligently failed to tighten a connecting nut. As a result of this negligence the well of one Davis became contaminated with gasoline. Davis brought suit against Rives to recover for the damage he had suffered as a result of the contamination of his well. The insurance company declined to defend the suit of Davis against Rives and refused to assume any liability as to Davis' claim on the ground that its policy did not cover this type of damage in that it was not caused by an accident. Rives settled his suit with Davis for the sum of $850 and then brought suit against the insurance company. The trial court decided in favor of Rives. The Court of Appeals reversed on the ground that the damage to Davis' well was caused by the negligence of Rives' employees, not attended by any accidental cause, and that therefore Rives could not recover against the insurance company since the contract of insurance only covered "damages because of injury * * * caused by accident." We reversed the Court of Appeals, holding in effect that the term "accident" did not necessarily exclude human fault called negligence.

In the case of Rex Roofing Co., Inc. v. Lumber Mut. Cas. Ins. Co. of New York, 280 App.Div. 665, 116 N.Y.S.2d 876, the insurance company was held liable. The facts were very similar to those of this case. In that case the New York court took practically the same view as this court took in Employers Ins. Co. of Alabama v. Rives, supra, saying in part:

"* * * Defendant does not go so far as to suggest that negligence on the part of plaintiff absolves the defendant of liability or that the term 'accident' should be so narrowly construed as to rule out an occurrence caused by negligence. Indeed, negligence would be the predicate of any likely liability insured against * * *." 116 N.Y.S.2d 878.

We are persuaded that in view of our holding in Employers Ins. Co. of Alabama v. Rives, supra, the trial court correctly rendered a judgment in favor of the plaintiff, the roofing contractor, against the insurance company.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.