IOWA MUTUAL INSURANCE COMPANY, A CORPORATION v. FRED M. SIMMONS, INC., NORMAN L. HARRIS AND HERBERT H. HARRIS, TRADING AND DOING BUSINESS AS NORMAN HARRIS AND SON.

(Filed 7 November 1962.)

**1. Declaratory Judgment Act § 1—**

Where there is an actual and existing controversy between insured and insurer as to whether the insurance contract covered a loss which had been sustained, the dispute is justiciable under the Declaratory Judgment Act, and defendant's contention to the contrary on the ground that the question involved could not be made the subject of a civil action at the time the proceeding was instituted, is untenable. G.S. 1, Art. 26.

**2. Insurance § 93—**

Under the terms of a policy of insurance indemnifying insured for sums insured might be obligated to pay for injury to or destruction of

property caused by accident, the word "accident", when not defined in the policy, must be given its usual, ordinary, or popular meaning, and imports an unforeseen, unexpected, and undesigned occurrence, and does not exclude an occurrence resulting from negligence.

**3. Pleadings § 30—**

Judgment on the pleadings is proper only when the pleading of the *opposite party is so fatally deficient as to present no material issue of fact.*

**4. Insurance § 94— Pleadings held to raise issue of fact as to whether damage to property resulted from an accident.**

The facts disclosed by the pleadings were to the effect that insured, pursuant to his contract to re-roof a building, had removed a part of the old roof when rain began to fall, that insured immediately covered the uncovered roof with a water-proof polyethylene covering, held in place by cement blocks and other heavy material placed around the edges, and that notwithstanding such precautions, water seeped in around the edges of the covering and ran into the building, causing damage. Insured and insurer drew opposite inferences from the admitted facts as to whether the damage resulted from an "accident" within the meaning of the policy sued on. *Held:* Judgment on the pleadings in favor of insurer is error, since the pleadings raise the issue of fact as to whether the damage to the building resulted from an accident.

**5. Declaratory Judgment Act § 2—**

Where the pleadings in an action under the Declaratory Judgment Act raise an issue of fact, such issue may be determined by a jury. G.S. 1-261.

**6. Trial § 18—**

Issues of law may be tried by the judge, but issues of fact must be tried by a jury unless trial by jury is waived. G.S. 1-172.

APPEAL by defendant, Norman L. Harris, trading and doing business as Norman Harris and Son, from *Pless, J.,* July 1962 Mixed Term of CLEVELAND.

Proceeding for declaratory judgment to determine rights of parties under policy of liability insurance.

The complaint alleges in substance: On 1 July 1960 plaintiff issued to defendant, Norman L. Harris, doing business as Norman Harris and Son, a policy of liability insurance. The policy contains the following provisions:

"Coverage C—Property Damage Liability—Except Automobile. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.

"II. Defense, Settlement, Supplementary Payments. With respect to such insurance as is afforded by this policy, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

Defendants Norman L. Harris and Herbert H. Harris are engaged in the roofing, insulating, and siding business. About two weeks prior to 27 September 1960 defendant, Fred M. Simmons, Inc., entered into a contract with the defendants Harris to re-roof its office building. To do the work it was necessary to remove the old roof and then put on the new roof. Defendants Harris began the work on 27 September 1960, and on the afternoon of that day after a part of the old roof had been removed and before a new roof had replaced it, a shower of rain fell. The following morning there was a shower of rain. Both were "ordinary and usual showers of rain." Defendant Fred M. Simmons, Inc., contends water from these showers of rain leaked through the roof into the building and damaged its property therein in the sum of $10,256.25.

On 28 July 1961 defendant Fred M. Simmons, Inc., instituted suit against the defendants Harris in the superior court of Cleveland County to recover the sum of $10,256.25 for water damage allegedly caused by the failure of defendants Harris to cover the portion of the roof partially removed, thereby permitting rain water from the aforesaid showers to leak through into the building. This suit is now pending for trial.

Defendants Harris have demanded that plaintiff defend the suit brought against them, and pay any recovery against them within the policy limits.

Plaintiff has no obligation under its policy to defend the suit or pay any part of the recovery therein, if a recovery is had, because if rain did fall on 27 and 28 September 1960 and leak through the removed roof and damage the property of Fred M. Simmons, Inc., it does not constitute an "accident" as set forth in Coverage C of its policy.

This is a summary of the relevant parts of the answer of "defendants Norman L. Harris and Herbert H. Harris d/b/a Norman Harris and Son":

It admits all the allegations of the complaint, except it denies Herbert H. Harris is a partner, it denies that plaintiff is under no obligation under its policy to defend the suit against them brought by Fred M. Simmons, Inc., and to pay a recovery therein against them

within its policy limits, and it denies that plaintiff is entitled to a declaratory judgment. The answer alleges as further defenses: One. Defendant Norman L. Harris, pursuant to his contract with Fred M. Simmons, Inc., on 27 September 1960 removed the roof from its building, and while the roof was off rain began to fall. He immediately covered the uncovered roof with a water-proof polyethylene covering, and placed cement blocks and other heavy material around the edges of the covering to hold it in place. In despite of these precautions, some rain did, as he is informed, accidentally seep in around the edges of the covering and into the building causing damage. The resulting damage thus caused was an "accident" within the language and meaning of his policy of insurance issued to him by plaintiff. Second. When Fred M. Simmons, Inc., instituted a suit against him for damages he immediately forwarded the summons and complaint served on him to plaintiff, who filed a motion to make the complaint more definite and successfully argued its motion, prepared and filed an answer for him, conferred with various parties, and has prepared to appear and defend the suit. By such acts and conduct plaintiff is estopped to deny coverage under its policy. Three. Plaintiff's complaint raises only the point whether the falling of rain constitutes an "accident" within the meaning of its policy of insurance, and does not allege the true facts. Until the court shall determine he is liable in the action instituted against him by Fred M. Simmons, Inc., no real controversy exists between plaintiff and himself.

Plaintiff filed a reply in which in respect to the first defense it admits that when rain began to fall Harris immediately covered the uncovered roof with a water-proof polyethylene covering anchored with cement blocks and took precautions to prevent rain from entering the building, but rain did enter. It denied the other allegations of the first defense. In respect to the second defense it alleged that all actions taken by it in connection with the Simmons suit were taken pursuant to the terms of a non-waiver agreement entered into with the defendants Harris, which expressly provides, "no action heretofore or hereafter taken by the company shall be construed as a waiver of the right of the company, if in fact it has such right, to deny liability and withdraw from the case* * *." In respect to the third defense it denies its allegations, except it admits allegations quoting certain policy provisions as to action against the company.

On 26 March 1962 Judge George B. Patton presiding over a term of Cleveland County superior court allowed plaintiff to amend its complaint. This amendment alleges that the suit of Fred M. Simmons, Inc., against Norman L. Harris and Herbert H. Harris, doing business as Norman Harris and Son, has been tried, and resulted in a final

judgment in favor of plaintiff against the defendants in the sum of $1,900.00, plus the costs. No appeal was taken. Appellant's rejoinder admits this allegation.

When the trial of the instant case came on for hearing before Judge Pless, and after the jury was impaneled and the pleadings were read, plaintiff moved for a judgment on the pleadings. Judge Pless, being of opinion that the motion should be granted, adjudged and decreed as follows:

One. The policy of liability insurance issued by plaintiff to defendant Norman L. Harris, doing business as Norman Harris and Son, did not cover the loss which Fred M. Simmons, Inc., suffered by rain coming into its building while it was being re-roofed.

Two. Plaintiff was not obligated by its policy to defend the suit brought by Fred M. Simmons, Inc., against Norman L. Harris, doing business as Norman Harris and Son.

Three. "Plaintiff is not estopped to defend this action and has not waived any of its rights."

Four. Plaintiff is not obligated to pay the said judgment in the amount of $1,900.00, or any part thereof.

Five. Defendant shall pay the costs.

From the judgment on the pleadings, defendant Norman L. Harris, doing business as Norman Harris and Son, appeals.

*L. Lyndon Hobbs for defendant appellant.*

*Hamrick & Jones by Fred D. Hamrick, Jr., and Falls, Falls & Hamrick by B. T. Falls, Jr., for plaintiff appellee.*

PARKER, J. Appellant challenges the propriety of plaintiff invoking the provisions of our Declaratory Judgments Act, G.S., Chapter I, Article 26, under the circumstances alleged in the complaint. Congress and most of the States, including North Carolina, have authorized declaratory relief, but only in cases involving an actual controversy appropriate for judicial examination. Annotation: 49 A.L.R. 2d 700. Generally, questions involving the liability of insurance companies under their policies are proper subjects for declaratory relief. *Assurance Co. v. Gold, Com'r of Insurance*, 248 N.C. 288, 103 S.E. 2d 344; *Cross v. Zurich General Accident & Liability Ins. Co.*, 7th Cir., 184 F. 2d 609, rehearing denied 8 November 1950; *Trinity Universal Ins. Co., v. Willrich*, 13 Wash. 2d 263, 124 P. 2d 950, 142 A.L.R. 1; Annotation: 142 A.L.R. 13, where many cases are cited supporting the rule; 29A Am. Jur., Insurance, sec. 1451. See *Insurance Co. v. Wells*, 225 N.C. 547, 35 S.E. 2d 631. Appellant's challenge here has no validity, because the complaint alleges an actual or real existing, genuine

controversy between the parties relative to the construction of the policy of liability insurance in order to determine the rights of the parties thereunder.

Appellant is a roofing, insulating, and siding contractor, and plaintiff an insurance company, which in its policy of liability insurance issued to appellant, contracted, "except automobile," to pay on behalf of appellant all sums which insured "shall become legally obligated to pay as damages because of injury to or destruction of property* * * *caused by accident.*" (Emphasis supplied.)

The term "accident" is not defined in the policy, and the term must, therefore, be interpreted in its usual, ordinary, and popular sense. *M. Schnoll and Son, Inc. v. Standard Accident Ins. Co.*, 190 Pa. Super. 360, 154 A. 2d 431; *O'Rourke v. New Amsterdam Casualty Co.*, 68 N. M. 409, 362 P. 2d 790, rehearing denied 7 June 1961.

In *Arthur A. Johnson Corp. v. Indemnity Ins. Co. of No. Am.*, 7 N.Y. 2d 222, 164 N.E. 2d 704, 706, the Court, in construing the word "accident" as used in a contractor's liability policy, said: "Phrased differently, we are not construing a statute, but the words of an insurance policy, and in so doing we must construe the word 'accident' as would the ordinary man on the street or ordinary person when he purchases and pays for insurance."

In *Tayloe v. Indemnity Co.*, 257 N.C. 626, 127 S.E. 2d 238 in *Kirkley v. Insurance Co.*, 232 N.C. 292, 59 S.E. 2d 629, in *Luttrell v. Hardin*, 193 N.C. 266, 136 S.E. 726, and in *Thomas v. Lawrence*, 189 N.C. 521, 127 S.E. 585, we have cited with approval the definition of the word "accident," as set forth in Black's Law Dictionary, Third Edition, and an earlier edition, as follows: "an unforeseen event, occurring without the will or design of the person whose mere act causes it; an unexpected, unusual, or undesigned occurrence; the effect of an unknown cause, or, the cause being known, an unprecedented consequence of it; a casualty." See the very elaborate definition of the term "accident" in its most commonly accepted meaning or in its ordinary or popular sense in Black's Law Dictionary, Fourth Edition, and in 1 C.J.S., Accident, p. 427 *et seq.*

In *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724, 725, the Court wrote: "Webster has defined it [accident] as 'an event that takes place without one's foresight or expectation; and undesigned, sudden, and unexpected event; chance; contingency.' Many courts have quoted this definition, and some have added to or embellished it, but in reality few have improved upon it."

In *Standard Oil Co. of New Jersey v. United States*, 264 F. 66, 69, the Court said: "The word 'accident' does not, in its generally understood meaning, entirely exclude negligence. The Supreme Court has

approved the definition of accidental as: 'happening by chance; unexpectedly taking place; not according to the usual course of things; or not as expected.' *Mutual Accident Association v. Barry*, 131 U.S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60. This does not exclude the idea of negligence." See 1 C.J.S., Accident, p. 439, to the same effect where many cases are cited in support of the text.

In our workmen's compensation cases we have in effect held, under the language of our Act, that in its more general sense the word "accident" does not necessarily exclude human fault called negligence, but is recognized as an occurrence that may arise from the carelessness of men, and the fact that the negligence of the person injured contributed to produce the result did not make it any less an accident. *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 117 S.E. 2d 476; *Poindexter v. Johnson Motor Lines*, 235 N.C. 286, 69 S.E. 2d 495; *Archie v. Lumber Co.*, 222 N.C. 477, 23 S.E. 2d 834.

Stacy, C.J., said in *Slade v. Hosiery Mills*, 209 N.C. 823, 184 S.E. 844: "It was said in *Johnson v. Southern Dairies*, 207 N.C. 544, 177 S.E. 632, that an injury resulting from the employer's negligence may be tantamount to an injury by accident."

In *Aetna Life Ins. Co. v. Little*, 146 Ark. 70, 225 S.W. 298, it is said: "It is probably true that the element of carelessness or negligence enters into most accidents."

This is apparently a case of first impression in this State. Neither our research nor that of counsel has discovered any North Carolina case directly in point.

*Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co.*, 280 App. Div. 665, 116 N.Y.S. 2d 876, motion for leave to appeal denied, 305 N.Y. 932, 112 N.E. 2d 288, is a case where a controversy between insured, a roofing company, and insurer involving liability on an insurance contract insuring plaintiff against liability imposed upon it by law for damages because of injury to property "caused by accident" was submitted on an agreed statement of facts. On 18 January 1949 plaintiff was engaged in re-surfacing the roof of an apartment house. Next day the work was suspended due to inclement weather. Work was resumed on the 20th and progressed on the 21st to a point where the entire roof was covered with felts, nailed down and sealed on all sides with flashing cement, and nearly half of the roof was covered with an outer layer of felts mopped in with hot asphalt, when it began to snow heavily preventing completion of the work. Later in the day the snow turned to rain. Because the roof was a flat surface and snow-covered, the water was unable to drain off and collected on the roof and backed up under the felts, leaking down into the interior of the building. Actions were brought against plaintiff by the owner of the building

and five tenants for the damage caused by entry of the water. In all of these actions it was claimed that the damage was caused by the negligence of plaintiff in performing the work on the roof. Defendant refused to defend the actions, disclaiming liability under the policy upon the grounds that the "occurrence was due to faulty workmanship" on the part of plaintiff and was not "caused by accident." The Court said:

> "Defendant does not go so far as to suggest that negligence on the part of plaintiff absolves the defendant of liability or that the term 'accident' should be so narrowly construed as to rule out an occurrence caused by negligence. Indeed, negligence would be the predicate of any likely liability insured against and defendant concedes that in construing a contract of this kind words should not be given a technical meaning but should be taken as they would be understood by an average man. We have no doubt that the average man would consider the occurrence in question as an 'accident' in the common conception of that word.

> \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

> "To our mind it is so clear, however, on the agreed facts, that the occurrence falls within the definition of an 'accident', within the terms of the policy, that no finding to the contrary could be allowed to stand."

In *Employers Ins. Co. of Ala. v. Alabama Roofing & Sid. Co.*, 271 Ala. 394, 124 So. 2d 261, the question was one of an insurance company's liability to its insured under an insurance policy with coverage in the identical words as in the policy of insurance in the instant case. On 20 October 1957 insured, a roofing contractor, commenced putting a new roof on a building. During that afternoon about one-half of the roof was removed, and work on the new roof progressed to the extent that rosin paper was applied to the decking and two layers of felt were applied. The joints had been cemented on the layers of felt, which had been cemented to the parapet wall which surrounded the slightly tilted but otherwise flat roof at the time the work ended on the afternoon of 20 October 1957. The work that afternoon was done in a workmanlike manner. An additional layer of felt and a coating of asphalt and slag was yet to be placed. After work that day was stopped, a rainstorm occurred and rain accumulated on the flat roof to a point where it seeped through the flashing which insured had applied to the parapet, and caused damage to the ceiling and walls of the building and the goods therein. From a judgment in favor of the insured, the insurer appealed. The Supreme Court of Alabama

stated that it had held in *Employers Ins. Co. of Ala. v. Rives*, 264 Ala. 310, 87 So. 2d 653, 654, in effect that the term "accident" did not necessarily exclude human fault called negligence, and that the New York Court in *Rex Roofing Co., Inc. v. Lumber Mut. Cas. Ins. Co. of N. Y.*, 280 App. Div. 665, 116 N.Y.S. 2d 876, which New York case we have discussed above, on facts very similar to those in the instant case, took practically the same view as the Court did in the *Rives* case. In consequence, the Court said: "We are persuaded that in view of our holding in *Employers Ins. Co. of Alabama v. Rives, supra,* the trial court correctly rendered a judgment in favor of the plaintiff, the roofing contractor, against the insurance company."

*O'Rourke v. New Amsterdam Casualty Co., supra,* was an action by a roofing company against its liability insurer to recover amount of judgment against company. The coverage was identical with the coverage in the instant case. The Supreme Court of New Mexico held that a sudden, unpredicted rain in Albuquerque, New Mexico, in October, a normally dry month, was an "accident," within the roofing company's liability policy, and insurer was liable for rain damage to the house, the roof of which had not been completed.

In *Cross v. Zurich General Accident & Liability Ins. Co., supra,* plaintiffs brought suit for a declaratory judgment holding defendant liable to defend against or settle claims against plaintiffs for damage to glass in windows of a building by hydrofluoric acid in a solution used by plaintiffs in cleaning the outside walls of the building, by reason of a public liability insurance policy issued to them by defendant with coverage similar to the coverage in the instant case. The district judge held that the damage to the windows was not "caused by accident." There was before the trial court evidence that the use of steam with hydrofluoric solution for cleaning the walls of buildings was customary in the industry and that the wetting of windows was the customary protection against acid damage. The Circuit Court said: "The basis for the decision of the trial court was that plaintiffs intentionally used hydrofluoric acid in the solution and failed to take the precaution of covering the windows with grease or heavy paper. But failure to take a proper or effective precaution does not prove intent to damage. Plaintiffs may have been negligent in not keeping sufficient water on the windows, but the very fact that water was applied to each window negatives any idea that plaintiff intended to damage same. And lacking such intent, the damage was accidental, even though caused by negligence." The Circuit Court reversed the trial court holding that the claims for damages against plaintiffs are covered by the insurance policy, and defendant is under a duty to defend against the claims.

Plaintiff cites and relies upon *Midland Const. Co. v. United States Cas. Co.*, 10th Cir., 214 F. 2d 665. In that case it is held that an ordinary afternoon shower of rain in August in Wichita, Kansas, was not an "accident" within policy covering contractor's liability for loss from accident, and insurer was not liable for damage to merchandise occasioned when rain fell through hole in roof made by contractor under agreement which did not require contractor to close hole. However, this language used in the *Midland* case is pertinent: "It may be that an unprecedented, torrential downpour of rain may under certain conditions be considered an accident, but afternoon showers—and this seems to have been an ordinary rain—are not unusual or unexpected." In *Christ v. Progressive Fire Ins. Co.*, Fla. App., 101 So. 2d 821, rehearing denied 23 April 1958, not cited in plaintiff's brief, the Court held that it is common knowledge that a shower of rain is likely to occur in July, the rainy season in Florida, and that where a roofing contractor left repair job unfinished over week end in July without proper precautions against rain or showers, occurrence of heavy rain and leakage of rain water into store rooms was not an "accident" within coverage of contractor's property damage liability policy. In the *O'Rourke* case the New Mexico Supreme Court stated the *Midland* case and the *Christ* case are distinguishable from the case before it, because in both of those cases the rain was in the summertime or the rainy season, and in the case before it the rain was in October, a normally dry month in Albuquerque. In *Employers Ins. Co. of Ala.*, the Supreme Court of Alabama said that they understood the *Midland* case and the *Christ* case to hold, in effect, that a finding that damage was the result of negligence necessarily excludes a finding that the damage resulted from accident, and they did not subscribe to that view. The *Midland* case and the *Christ* case are factually distinguishable from the case at bar, because appellant in its first defense in its further answer does not allege that the rain was an accident causing damage in the building, but that water seeping into the building under the covering he had placed over the exposed opening of the roof was an accident causing damage. Further, we do not subscribe to the view that the term "accident," used in the liability policy here, considered in its usual, ordinary, and popular sense necessarily excludes human fault called negligence, because negligence would most probably be the predicate of any likely liability against appellant. To adopt the narrow view that the term "accident" in liability policies of insurance, as in the policy here, necessarily excludes negligence would mean that in most, if not all, cases the insurer would be free of coverage and the policy would be rendered meaningless.

*Thomason v. United States Fidelity & Guaranty Co.,* 5th Cir., 248 F. 2d 417; *Kuckenberg v. Hartford Accident & Indemnity Co.,* 9th Cir., 226 F. 2d 225; and *C. Y. Thomason Co. v. Lumbermens Mutual Casualty Co.,* 4th Cir., 183 F. 2d 729, cited in plaintiff's brief, and relied on by it, are clearly distinguishable: none involve rain or water from rain. In the *C. Y. Thomason* case, which was a suit for a declaratory judgment in respect to an accident policy, the Court said: "We do not mean to say that there may not be an accident as the result of negligence, but there was no such result in this case and it cannot be held that negligence is synonymous with accident."

A motion for judgment on the pleadings is allowable only where the pleading of the opposite party is so fatally deficient in substance as to present no material issue of fact. *Fisher v. Motor Co.,* 249 N.C. 617, 107 S.E. 2d 94; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384; *Dunn v. Tew,* 219 N.C. 286, 13 S.E. 2d 536.

The further answer of appellant alleges in substance that water seeped into the building under the weighted-down, waterproof covering which he placed over the uncovered roof after the rain began, causing damage therein, and draws the inferences that, even if he was negligent, such seeping in of the water into the building resulting in damage was an unforeseen event, occurring without the will or design of appellant whose mere act caused it, or an undesigned, sudden, and unexpected event, a chance, and consequently the damage to the property of Fred M. Simmons, Inc., was "caused by accident" within the intent and meaning of the term "accident" as used in the coverage provision of his policy of liability insurance. Plaintiff's reply, while admitting in part the facts alleged in the answer, draws the inference that the seeping in of the water resulting in damage was not an "accident" within the intent and meaning of that term in its policy. Plaintiff's pleadings and appellant's pleading draw opposing inferences from admitted facts, and in that way indirectly raise issues of fact. *Erickson v. Starling, supra; Alston v. Hill,* 165 N.C. 255, 81 S.E. 291. We think this is such an issue of fact as should be determined by a jury under proper instructions of the court. We also are of opinion that the pleadings are not so clear in respect to whether plaintiff is or is not estopped to deny coverage under its policy, and as to whether or not plaintiff has waived any of its rights as to render it determinable without the aid of definite findings of fact by a jury. The learned and experienced trial judge erred in rendering a judgment on the pleadings in favor of plaintiff, and it is ordered that his judgment be vacated.

Our Declaratory Judgments Act provides in G.S. 1-261 that where a proceeding under the Act involves the determination of an issue of fact, such issue may be determined by a jury trial.

Issues of law must be tried by the judge; but issues of fact must be tried by a jury, unless trial by jury is waived. G.S. 1-172; *Sparks v. Sparks,* 232 N.C. 492, 61 S.E. 2d 356. In the very nature of things, it is impossible for a court to render a valid judgment declaring the rights of parties to litigation until the facts on which those rights depend have been determined in a manner sanctioned by law.

Error and remanded.