## WHITE TITE, Inc. v. FARMERS ALLIANCE MUTUAL INSURANCE CO.
### No. 118631.

Small Claims Court, Dade County.

July 6, 1964.

Lawrence E. Hoffman, Miami Beach, for plaintiff.

Paul J. Carroll, Welsh, Cornell, Pyska & Carlton, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered in favor of the defendant. The evidence is legally insufficient to establish liability on the part of the defendant herein.

Plaintiff is seeking to recover upon a contract of insurance ("Comprehensive General and Automobile Liability"). The pertinent provision of the policy provides as follows —

"III.   Coverage C — *Property Damage Liability Other Than Automobile:*

"The Company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by *accident.*" (Italics added.)

The basis upon which the plaintiff seeks to recover arises out of a final judgment entered against it in the civil court of record, case no. 63-1152, wherein Richard McKenna and Elizabeth J. McKenna, his wife, were plaintiffs and White Tite, Inc. was the defendant. The court file there discloses that the liability of White Tite, Inc. was based on negligence in the performance of a roof cleaning job.

The pivotal question is whether the liability incurred by plaintiff herein as the defendant in the civil court of record case is an "accident" within the above-mentioned policy provision.

The court has examined the memoranda of law submitted by counsel for the respective parties and is fully advised in the matter.

The determination of the issue is governed by the principle of law recognized and applied in Christ v. Progressive Fire Insurance Co., 101 So.2d 821, and Michigan Mutual Liability Co. v. G & L Roofing Co., 123 So.2d 300. The court there, in each case, cited with approval the language from the opinion in Midland Construction Co. v. U. S. Casualty Co., 10 Cir., 214 Fed. 2d 665, 666, wherein the term or word "accident" is explained, in the following language —

"The meaning of the word 'accident' cannot be defined with pinpoint accuracy or definiteness. We sometimes speak of an event which is the usual, natural, and expected result of an act as an accident, but in legal parlance an accident under the terms of an insurance policy, such as we have here, is variously defined as an unusual and unexpected event, *happening without negligence;* . . . " (Italics added.)

Based on the foregoing, and for the reasons stated, plaintiff is not entitled to recover.