PER CURIAM.
The appellant was the garnishee in the trial court and appeals a final judgment in garnishment based on a jury verdict. It is urged that the court erred in submitting the cause to the jury because under the undisputed facts the defendant insurance company was not liable under the policy.
The appellant was the liability insurer of Grubbs Construction, Inc. The appel-lee obtained a judgment against Grubbs for the negligent flooding of appellees’ property during Hurricane Donna. In the subsequent garnishment proceeding, appellant maintained that it was not liable to its *613 insured because of the following provision in the policy:
“Coverage C — Property Damage Liability — Except Automobile: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.” [Emphasis added.]
Grubbs Construction, Inc., was engaged in constructing a storm sewer from Palmetto Expressway to Lambs Canal. In so doing, Grubbs closed off the canal end of a local storm sewer. This was done in order to prevent water from entering the construction area from the canal and pumps were employed to take the water out of the landward side of the construction. Grubbs did not attend the construction area during the time of the hurricane watch and the subsequent hurricane warnings. It did not remove the dam from the outfall into the canal. As a consequence of this action and the heavy rains incident to the storm, water backed up in the area and inundated the appellees’ property which was located approximately 1½ blocks from the construction site.
Appellant relies upon the rule stated in Bennett v. Fidelity & Casualty Comp. of New York, Fla.App.1961, 132 So.2d 788 and cases cited therein. See Michigan Mutual Liability Co. v. G. & L. Roofing Co., Fla.App.1960, 123 So.2d 300. This line of cases is based upon the lead case of Christ v. Progressive Fire Insurance Company, Fla.App.1958, 101 So.2d 821. In all of the cases, the point upon which the decisions turn is the definition of the word “accident” as used in the policy. In each case, it is pointed out that an accident in this connotation is an occurrence which is unusual or unexpected; thus, an intended result or a result which would naturally be expected to follow from other conditions is not an accident.
We think that the instant case does not come within the rule stated in the above cases because it does not follow as a matter of law that the tort-feasor, Grubbs Construction, Inc., intended, or knew, or should have known, that the result of the placing of the dam would be the flooding of appellees’ property. We therefore hold that appellant has not demonstrated error in the trial court’s submission of the cause to the jury.
Affirmed.