PEARSON, Chief Judge
(dissenting).
I agree with the trial judge that a suit for alleged improper construction resulting in hurricane damage is not a suit for “damages arising from accidents to persons or property”. Footnote one of the majority opinion quotes the indemnity agreement sought to be enforced.
*451 The stipulation of facts which forms the record on appeal in this case includes the following:
“The testimony at trial indicated that the cause for the failure of the roof during the hurricane was either:
1. Improper workmanship and/or failure to comply with the planned specifications (Plaintiff’s theory), or
2. Inadequate design and/or wind stress on the building in excess of its designed tolerance (135 mph) (Defendants’ theory).”
Such occurrences can be said to be accidents only if the word “accident” is given the meaning: “any unfortunate occurrence”. This is too broad a definition. See Christ v. Progressive Fire Insurance Company, Fla.App.1958, 101 So.2d 821; Michigan Mutual Liability Co. v. G. & L. Roofing Co., Fla.App.1960, 123 So.2d 300; Bennett v. Fidelity & Casualty Company of New York, Fla.App.1961, 132 So.2d 788; Bituminous Casualty Corporation v. Burns, Fla.App.1967, 200 So.2d 612.