DELL, Judge.
Flooker Adams, d/b/a F.A. Home Improvement, appeals from a final judgment of dismissal of his complaint for failure to state a cause of action against Kent Insurance Company.
Appellant filed an action for a declaratory judgment requiring appellee to provide coverage under a manufacturers’ and contractors’ liability insurance policy. The Tyler Hotel had asserted a claim against appellant for water damage sustained while appellant was repairing its roof. The complaint alleged that the damage occurred because “a sudden, unusual and unexpected rainstorm developed at a time when a portion of the hotel’s roof had no protective covering.” The trial court, relying upon Michigan Mutual Liability Company v. G & L Roofing Company, 123 So.2d 300 (Fla. 3d DCA 1960), Christ v. Progressive Fire Insurance Co., 101 So.2d 821 (Fla. 2d DCA 1958) and Midland Construction Co. v. U.S. Casualty Co., 214 F.2d 665 (10th Cir.1954), found that rainfall could not be construed as an “accident-occurrence” within the meaning of the policy and entered final judgment in favor of ap-pellee. We reverse.
For purposes of a motion to dismiss, all well pleaded allegations are deemed admitted and the trial court must assume all facts alleged in the complaint as true. Hammonds v. Buckeye Cellulose Corporation, 285 So.2d 7, 11 (Fla.1973). The subject policy expressly stated that an
“Occurrence” means an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.
The allegations of appellant’s complaint follow the language of appellee’s insurance policy and we hold them sufficient to withstand a motion to dismiss.
None of the cases cited by the trial court hold that rainfall, as a matter of law, cannot constitute an accident or occurrence under a liability insurance policy. Each case turned on a factual determination as to the unexpected nature of the rainfall.
Accordingly, we reverse the final judgment of dismissal and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.